Robert DULAINE, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 20551.

United States Court of Appeals
Ninth Circuit.

Jan. 12, 1967.

———◆———

F. Filmore Jaffe, of Jaffe, Osterman & Soll, Los Angeles, Cal., for appellant.

Manuel Real, U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., Chief Civ. Div., M. Morton Freilich, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES and ELY, Circuit Judges, and PECKHAM, District Judge.

PER CURIAM:

This is an appeal from an order granting the defendant's motion for summary judgment. The court below had jurisdiction of the suit under the Federal Tort Claims Act, 28 U.S.C. § 1346(b). Our jurisdiction is under 28 U.S.C. § 1291.

The appellant, plaintiff below, was injured at Iwo Jima during World War II. Until 1959 he was being treated by the Veterans Administration. In 1956 he was operated upon. He contends that the doctors and/or staff of the Veterans Administration Hospital were negligent in treating him on or before the date of his operation.

The plaintiff filed his complaint in this suit on November 13, 1964. The defendant United States filed a motion for summary judgment on the ground that the suit was barred by the two-year statute of limitations on Federal Tort Claims Act actions, 28 U.S.C. § 2401(b). The motion was granted, and the plaintiff has appealed.

Under Rule 56(c) of the Federal Rules of Civil Procedure summary judgment is to be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Since the basis of the government's motion for summary judgment was that the appellant's claim was barred by the statute of limitations, the question of when the claim accrued became the only material question of fact for the determination of the motion. There is no dispute that the claim accrued when the claimant knew or in the exercise of reasonable diligence should have known of the acts constituting the alleged malpractice. Hungerford v. United States, 307 F.2d 99 (9th Cir. 1962).

In support of its motion the government relied on letters sent to the Veterans Administration by the appellant, who admitted sending them. These letters showed that at least as early as 1960 the appellant knew that the 1956 operation was allegedly negligently done. (Supplemental Transcript, pp. 69, 72.) In opposition to the motion for summary judgment appellant submitted an affidavit which he now contends raised a genuine issue of material fact. We disagree.

Appellant's affidavit is directed to his conclusion as to when he learned the "true facts" (Tr. p. 25), and the fact that his letters never made a formal claim for malpractice (Tr. p. 30). This does not controvert the fact that earlier he was aware of facts which would have led a

reasonable man to believe, and, indeed, did lead him to believe, that he had been negligently treated. A 1960 postscript included the appellant's statement, "If this would have happened in a private hospital * * * I am sure it would have resulted in a civil suit for mal-practice [sic] and a settlement for many thousands of dollars." (Supplemental Transcript, p. 68.)

No genuine issue of material fact was raised by appellant's affidavit, and summary judgment was properly granted.

Affirmed.