Stanley **BIALOWAS**, **Jr.,** Appellant,

v.

**UNITED STATES of America.**

**No. 19236.**

United States Court of Appeals,
Third Circuit.

Argued April 22, 1971.

Decided June 2, 1971.

Edwin H. Beachler, McArdle, Mc-Laughlin, Paletta & McVay, Pittsburgh, Pa., for appellant.

Blair A. Griffith, First Asst. U. S. Atty., Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., for appellee.

Before SEITZ, ALDISERT and RO-SENN, Circuit Judges.

OPINION OF THE COURT

ROSENN, Circuit Judge.

This is an appeal from an order of the district court dismissing appellant's suit for failure to file an administrative claim under the Federal Tort Claims Act, 28 U.S.C.A. 2675(a) as amended in 1966 by Public Law 89–506, § 2, 80 Stat. 306.

Appellant alleges that on April 19, 1967, he had stopped his car for a red light in Pittsburgh, Pennsylvania when he was struck from behind by a United States mail truck. He complains that as a result of this accident he sustained damages to his automobile in the amount of $200.00, physical injuries to his neck, head and other parts of his body, pain and suffering which may be permanent in nature, and possible permanent impairment of his earning power.

Sometime in May, 1967, appellant received from the postal authorities at Pittsburgh, Standard Form 95, "Claim for Damage or Injury." Prior to June 9, 1967, he partially completed the form and returned it unsigned and undated to the postal authorities. On the face of the form in item 8 appears the subtitle "amount of claim." Under that heading are blocks for property damage dollar claim, personal injury dollar claim, and total dollar claim. All three blocks contain dollar signs, indicating that the dollar figure for property damage [1] should be added to the dollar figure for personal injury and totalled.

In the personal injury block, appellant wrote the words "neck, chest and right arm" next to the dollar sign. In the block reserved for the total of the personal injury and property damage claim he wrote "Price of X-rays $35.00." He *did not specify the amount of his claim.* He did, however, attach the two automobile repair estimates and an X-ray bill in the sum of $35.00.

The back of the form returned by him contained a "Notice to Claimant" in bold print with directions to read the instructions and complete both sides of the form "as it will be the basis of further action upon your claim." The instructions directed that the form had to be signed, and that doctors' reports and medical bills were to be supplied along with repair bills and estimates of property damage. There were also instructions and questions regarding insurance coverage and finally a place for claimant to sign on the back of the form. None of the blocks on the back of the form, including the signature line, were completed by the appellant.

On June 7, 1967, Joseph Wink, a postal inspector, telephoned appellant and told him that the Form 95 he had returned "didn't look right." By letter dated June 9, 1967, Wink sent appellant two additional blank copies of Standard Form 95 as well as a photostatic copy of his original Form 95. Although there is a conflict of testimony between Wink and appellant as to whether Wink, at the time of the telephone call, advised the latter of what was wrong or deficient in the form he had returned, the follow-up letter enclosing the new claim forms referred to the telephone conversation between them and stated that the original Form 95 submitted "did not constitute a valid claim and that new forms would have to be submitted in specific amounts. * * *" Appellant never completed and returned the new written claim form. He testified, however, that following the letter of June 9, 1967, he had another telephone conversation with Wink at which time he told Wink that he "wanted a couple thousand dollars for suffering." His claim was given no further processing.

On April 21, 1969, appellant filed a complaint in the United States District Court under the Federal Tort Claims Act. On January 5, 1970 he moved to amend his complaint to allege that an administrative claim had been filed with the Post Office Department and that the Government failed to make a final disposition of it within six months after the filing. The Government moved to dismiss the action in the district court on the ground that the court had no jurisdiction since the plaintiff failed to file a proper administrative claim before instituting suit. After a hearing on the motion on July 15, 1970, the court, by memorandum and order entered the same day, granted the Government's motion.

On appeal, appellant's principal contentions are that he was not required to state a specific sum *in writing* or to sign his Form 95 in order to constitute a valid claim under the Federal Tort Claims Act as amended and its regulations.

As a sovereign, the United States is immune from suit save as it consents to be sued. The terms of its

---

1. Appellant wrote the word "Estimates" in the property block followed by two figures, $184.35 and $243.50.

consent to be sued in any court define the court's jurisdiction to entertain the suit. United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). Although the Federal Tort Claims Act allows suits against the Government for torts committed by its employees while in the scope of their employment, it specifically requires an initial presentation of the claim to the appropriate federal agency and a final denial by that agency as a prerequisite to suit under the Act.[2] This requirement is jurisdictional and cannot be waived. Driggers v. United States, D.C., 309 F. Supp. 1377 (1970). The head of each federal agency, or his designee for the purpose, is authorized, in accordance with regulations prescribed by the Attorney General, to process and settle claims within fixed monetary limits against the United States for injury or damage caused by any employee of the agency while acting within the scope of his employment.[3]

Title 28 of the Code Federal Regulations, Chapter 1, Part 14 "Administering Claims under the Federal Tort Claims Act" § 14.2 provides:

> For purposes of the provisions of section 2672 of Title 28, a claim shall be deemed to have been presented when a federal agency receives from a claimant, his duly authorized agent or representative, an executed Standard Form 95 or other written notification of an incident, *accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have*

occurred by reason of the incident * * * " (Emphasis added)

Unless a tort claim is submitted to the appropriate federal agency within two years after the claim accrues or unless action is begun within six months of final denial of the claim by the agency to which it was presented, it is forever barred by 28 USCA § 2401(b), as amended July 18, 1966; Pub.L. 89–506, § 7, 80 Stat. 307. Since four years have passed since Bialowas was injured, his right of action against the Government will have lapsed unless he can show that he submitted a valid claim to the Post Office Department.

■ The claim (Form 95) submitted by appellant to the Post Office Department, the appropriate federal agency here, was neither dated nor signed. No specific sum was set forth in the claim, nor was there any information supplied from which a specific amount could be computed. Wink, the postal inspector, called this deficiency to appellant's attention by telephone. On July 9th, he specifically referred to this requirement in his letter to the appellant in which he provided additional forms to cure the deficiency. Appellant's only effort in rectifying his incomplete administrative claim was a telephone call to Wink informing him that he wanted a couple of thousand dollars for suffering. He contends that the Form 95 as partially completed by him and supplemented by the verbal claim for money damages fulfilled the requirement of 28 F.C.R. § 14.2 for a timely presentation of "an executed Standard Form 95 or other written noti-

---

2. 28 USCA § 2675(a), as amended 1966 by Pub.L. 89–506, states: "An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury * * * caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall

have been finally denied by the agency in writing * * * The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial. * * * "

3. 28 USCA § 2672, as amended July 18, 1966, Pub.L. 89–506 §§ 1, 9(a), 80 Stat. 306, 308.

fication of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury. * * *" We do not agree.

The initial purpose of the regulations requring a statement of the specific sum claimed is to enable a determination by the head of the federal agency as to whether the claim falls within the jurisdictional limits of his exclusive authority to process, settle or to properly adjudicate the claim. Above those limits the settlement must have the prior written approval of the Attorney General or his designee.[4] Furthermore, the requirements of the regulations are intended to set up uniform procedures in the exercise of settlement authority. The necessity for a signature to the claim is to fix responsibility for the claim and the representations made therein. Appellant made no effort to comply with these indispensable prerequisites to a valid claim under the appropriate regulations. Nor did he provide the insurance coverage information requested or attach the doctors' reports or medical bills as directed by the instructions on the back of Form 95. The court below, therefore, properly dismissed his complaint for failing to file a proper administrative claim as required by law within two years after the claim accrued. Staley v. United States, D.C., 306 F.Supp. 521 (1969).

■ We find no merit to appellant's further contention that even if an administrative claim was not presented, exceptional circumstances exist which excuse his failure to exhaust administrative remedies. It may be that appellant did in fact sustain personal injury and property damage at the hands of a Government employee. Though sovereign, the Government considerately provided him with convenient and expeditious machinery for settlement of his alleged damages and injuries. Unfortunately for him, he repeatedly disregarded written and oral instructions and eventually became the architect of his own misfortune.

The judgment of the court below will be affirmed.