Ernest **JORDAN**

v.

The **UNITED STATES of America.**

**Civ. A. No. 71-691.**

United States District Court,
E. D. Pennsylvania.

Sept. 21, 1971.

William Lee Akers, Philadelphia, Pa., for plaintiff.

Richard R. Galli, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

Plaintiff, Ernest Jordan, commenced this action against defendant, United States of America, under the Federal Tort Claims Act, as amended, 28 U.S.C. §§ 1346(b), 2671 et seq. Defendant has now moved to dismiss the complaint averring that the claim is barred by the statute of limitations and, therefore, this Court lacks jurisdiction over the subject matter of the complaint.[1] The motion of defendant is GRANTED.

On February 17, 1967, plaintiff allegedly was injured at the Naval Aviation Supply Depot in Philadelphia, Pennsylvania as a result of the negligence of federal employees. By letter dated December 17, 1968, plaintiff's counsel advised defendant of plaintiff's injuries and indicated that he was making a claim under the Federal Tort Claims Act. Defendant acknowledged receipt of plaintiff's letter and provided him with copies of standard Form 95 (Claim for Damage or Injury) which were to be completed and returned to defendant. In addition, defendant advised plaintiff that statements from his employer and doctor might be necessary to substantiate certain aspects of plaintiff's claim. Defendant, however, did not indicate that a claim was not deemed filed until accompanied by a claim for damages in a sum certain. Moreover, Form 95 does not indicate that a demand in sum certain is a prerequisite for consideration of a claim or that the two-year statute of limitations continues to run until a claim in sum certain is presented.

By letter dated February 17, 1969, plaintiff returned the Form 95 to defendant. The form apparently was complete and accurate in all respects [2] except that plaintiff failed to specify, in sum certain, the amount of his claim. Plaintiff now states that he was unable to determine the amount of his claim at that time because his medical treatment was continuing and he was unable to determine the full extent of his pain and suffering. Correspondence was exchanged between plaintiff and defendant for an additional two-year period. Plaintiff provided defendant with supplementary medical reports and X-rays as they became available to insure that defendant was apprised of recent medical developments. Defendant acknowledged receipt of such medical records and noted that plaintiff's claim was insufficient in that no sum certain

1. "As a sovereign, the United States is immune from suit save as it consents to be sued. The terms of its consent to be sued in any court define the court's jurisdiction to entertain the suit. United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941)." Bialowas v. United States, 443 F.2d 1047, 1048–1049 (3 Cir. 1971). The United States has not consented to be sued once the time period prescribed by 28 U.S.C. § 2401 has run. This Court, then, lacks jurisdiction if plaintiff's claim is barred by that section.

2. Plaintiff failed to include information concerning insurance coverage on the Form 95. Defendant, however, has not directed the Court's attention to this omission. Consequently, it is assumed, *arguendo*, that either the questions on the Form 95 are not applicable to the instant case or plaintiff supplied the necessary information in some other manner.

had been claimed. Defendant stated that plaintiff's claim would be given prompt consideration when received but did not indicate that the statute of limitations had already run.

Finally, on or about February 5, 1971, plaintiff returned to defendant another Form 95 which appears complete in all respects including a claim for damages in sum certain. By letter dated February 12, 1971, defendant advised plaintiff of the applicable statute of limitations and stated that it was unable to consider the claim. Shortly thereafter, on March 24, 1971, plaintiff commenced the instant action against defendant for damages arising from the alleged accident of February 17, 1967.

Defendant now avers that this Court lacks jurisdiction over the subject matter of the complaint because the statute of limitations has run. Consequently, defendant argues, the complaint must be dismissed. In support of its motion to dismiss, defendant relies upon 28 U.S.C. § 2401(b), as amended, which provides:

"(b) A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."

Defendant argues that plaintiff's claim was not properly filed until February 5, 1971, almost four years after the claim accrued and two years after the statute of limitations had run, when plaintiff submitted a completed Form 95, which included a claim for damages in sum certain. In support of this proposition, defendant relies upon 28 C.F.R. § 14.4 which provides:

"For purposes of the provisions of section 2672 of Title 28, United States Code, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or representative, an executed Standard Form 95 or other written notification of an incident, *accompanied by a claim for money damages in a sum certain* for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident." (Emphasis added.)

Plaintiff concedes that a claim must be presented to the appropriate Federal agency within two years after such claim accrues or the claim shall be barred. He correctly states, however, that the above-quoted regulation states that it shall apply for purposes of 28 U.S.C. § 2672, rather than § 2401. Consequently, plaintiff argues, a claim for damages in sum certain is unnecessary for purposes of the statute of limitations as provided in § 2401. Under plaintiff's interpretation of the regulation and statutes, the statute of limitations contained in § 2401 would be tolled by notification of the Federal agency of a claim whether or not accompanied by a claim for damages in sum certain. The regulation, however, would preclude the Federal agency from disposing of a claim pursuant to § 2672 until all necessary information, including a claim for damages in sum certain, has been provided by the claimant. Moreover, plaintiff urges the Court to recognize policy considerations which militate against applying the regulation to § 2401. Plaintiff suggests that such application would yield the results that:

(a) Serious cases which could not be liquidated honestly within two years would be barred;

(b) Claimant assert a "ball-park" figure to avoid result (a); and

(c) The sum certain not be a good faith value of the claim, but merely prophylactic.[3]

---

3. Plaintiff's fears result from 28 U.S.C. § 2675(b) which provides, in part:

"(b) Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency * * *."

The section further provides that newly discovered information may provide a

Although plaintiff's arguments are persuasive, this Court is bound by the recent decision of the Third Circuit Court of Appeals in Bialowas v. United States, 443 F.2d 1047 (3 Cir. 1971). Judge Rosenn, writing for a unanimous Court, rejected Bialowas' contention that he was not required to state a specific sum in writing in order to constitute a valid claim under the Federal Tort Claims Act and said, at 1050:

> "The initial purpose of the regulations requiring a statement of the specific sum claimed is to enable a determination by the head of the federal agency as to whether the claim falls within the jurisdictional limits of his exclusive authority to process, settle or to properly adjudicate the claim. Above those limits the settlement must have the prior written approval of the Attorney General or his designee. (Footnote omitted.) * * * The court below, therefore, properly dismissed his complaint for failing to file a proper administrative claim as required by law within two years after the claim accrued. Staley v. United States, D.C., 306 F.Supp. 521 (1969)."

While the factual setting[4] and legal arguments[5] presented in *Bialowas* differ somewhat from the instant case, the broad language of Judge Rosenn does not offer the opportunity to distinguish the cases and reach a contrary result. Accordingly, the complaint must be dismissed.

basis for increasing the amount of the claim in a civil action but the impact of the section upon administrative action, if any, is unclear at this time.

4. Bialowas' claim was deficient in three aspects including his failure to present a claim for damages in sum certain. Plaintiff in the instant case, however, has pursued his administrative remedies diligently (with the exception of presenting a claim in sum certain) and provided defendant with relevant reports and information as it became available.

5. It appears that Bialowas did not argue that 28 C.F.R. § 14.2 applies solely to § 2672 and not § 2401. Consequently, the Circuit Court did not consider this pos-

sibility in its opinion and tacitly assumed that the regulation applies equally to both §§ 2672 and 2401.

Parenthetically, it is noted that the regulation is the only source from which it can be determined that a valid claim is deemed filed only after a claim in sum certain is presented, but the regulation, on its face, appears to apply only to § 2672. Neither the Federal Tort Claims Act nor the Form 95 indicate that such presentation is required to toll the statute of limitations. In addition, defendant mislead plaintiff by stating, long after the statute of limitations had run, that his claim would be considered when a claim in sum certain was presented.