Virginia **HLAVAC**, Plaintiff,

v.

**UNITED STATES** of America, Defendant.

No. 72 C 1593.

United States District Court, N. D. Illinois, E. D.

Nov. 9, 1972.

Francis A. Fanelli, Melrose Park, Ill., for plaintiff.

Mike Berman, Asst. U. S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION

*Motion To Dismiss*

MAROVITZ, District Judge.

This suit arises out of an automobile accident which occurred on May 14, 1970 between plaintiff Hlavac and Emmett O'Neil who was at the time driving a U. S. Post Office truck. The action was originally filed in the Circuit Court of Cook County (No. 72 M 40282) against O'Neil and the United States and was subsequently removed to this Court where defendant O'Neil was dismissed from the suit.

The Government seeks to have this suit dismissed on the grounds that plaintiff failed to conform with the requirements of 28 U.S.C. § 2675(a) in filing an administrative claim which is a prerequisite to a suit in this Court. Title 28 U.S.C. § 2675(a) provides:

"An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."

The Government argues that no such administrative claim was filed, that consequently suit in this Court is jurisdictionally impermissible, and that as a result plaintiff is forever barred from bringing this action since the 28 U.S.C. § 2401(b) two year statute of limitations for administrative claims has run.

Plaintiff contends that she did file an administrative claim on July 6, 1970 and that the United States Postal Service failed to act upon it and that she is therefore statutorily permitted to file this suit.

There is no doubt that plaintiff did "submit" a Form 95 "Claim For Damage Or Injury" and the Government concedes as much. But the question remains whether the submission of the form constituted a "filing" of a claim as required by 28 U.S.C. § 2675(a).

The Government by affidavit of Clemens V. Carlson, Superintedent of Mails at the La Grange, Illinois Post Of-

fice indicates that upon receipt of bills for medical treatment and vehicle damages from Mrs. Hlavac he forwarded two copies of the *Standard Form 95 Claim For Damage Or Injury*. The form was returned by Mrs. Hlavac incomplete in that a sum certain was not set out for personal injury in Item 8, a total amount was not stated in Item 8 and the claim was not dated. Superintendent Carlson further states that he returned the form 'with a note attached which read:

Mrs. Hlavac—

Two claim forms, SF 95 sent, but only 1 received, need duplicate. Also Item # 8 must show total amount and show date of claim.

In conclusion Carlson states that he never received a completed form from Mrs. Hlavac.

We must therefore determine whether a proper claim based on the above facts was ever filed.

██ It is clear that as a sovereign the United States is immune from suit and that its consent to be sued in certain instances can be conditioned upon conformity to various procedural requirements. United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941).

██ The 28 U.S.C. § 2675(a) prerequisite of the filing of an administrative claim and the denial of such claim before a suit such as this becomes jurisdictionally ripe for this Court is a valid condition that cannot be waived. Bialowas v. United States, 443 F.2d 1047 (3rd Cir. 1971); Driggers v. United States, 309 F.Supp. 1377 (D.C.1970). Likewise the requirements for a valid claim—that the claim must be in writing and that a sum certain must be set out —as indicated in 14 CFR § 14.2 are not unreasonable conditions. *Bialowas, supra*; *Driggers, supra*; Jordan v. United States, 333 F.Supp. 987 (D.C.1971).

*Bialowas, Driggers*, and *Jordan* all involved various degrees of incompleted

forms and in each case the Court granted the Government's motion to dismiss on the grounds that the incompleted forms, including the failure to state a sum certain, were not valid administrative claims in regard to satisfying 28 U.S.C. § 2675(a) requirements.

The facts in *Bialowas* are indeed quite similar to the circumstances in our case. In *Bialowas* plaintiff sustained property damages and personal injuries when a mail truck collided with his car.

The plaintiff neither signed or dated his Form 95 and did not specify the amount of his claim although he did attach repair estimates and some medical bills. Plaintiff was informed that his form was incomplete and was provided with a new form which he did not complete. The Court granted the Government's motion to dismiss for failure to file a proper administrative complaint. In *Driggers* and *Jordan* the failure to include a sum certain was also deemed to be fatal to the claim.

██ In applying these cases to our instance we are compelled to grant the Government's motion to dismiss.

Mrs. Hlavac did not specify the amount of her claim for personal injuries and did not date the claim. Upon being informed of these deficiencies she failed to correct them. Thus the claim as filed in July of 1970 cannot be considered a proper claim and consequently the 28 U.S.C. § 2675(a) requirement that an administative claim be filed before jurisdiction lies in this Court has not been complied with. Plaintiff having failed to file such claim within the two years required by 28 U.S.C. § 2401(b) is barred by the statute of limitations from doing so at this time.

██ The fact that plaintiff may indeed have suffered injuries and cannot now seek any remedy is a circumstance that this Court is sympathetic to but cannot consider as a factor in retaining jurisdiction over this suit. (See *Bialowas, supra*, 443 F.2d at 1050). It must also be noted that plaintiff had a lawyer

from the outset and cannot claim that she was a simple layman who did not understand what was required of her.

The Government's motion to dismiss is granted.