**Estelle E. CATON, Plaintiff-Appellant,**

v.

**UNITED STATES of America et al., Defendant-Appellee.**

No. 72-2367.

United States Court of Appeals, Ninth Circuit.

April 1, 1974.

**636**

James V. Parziale (argued) San Diego, Cal., for plaintiff-appellant.

Peter Bowie, Asst. U. S. Atty. (argued), Harry D. Steward, U. S. Atty., Sheldon Deutsch, Asst. U. S. Atty., San Diego, Cal., for defendant-appellee.

Before CARTER and WRIGHT, Circuit Judges, and LUCAS,* District Judge.

## OPINION

JAMES M. CARTER, Circuit Judge:

This is an appeal from a summary judgment for the United States in an action under the Tort Claims Act.

Plaintiff sustained an injury from a trip and fell on government premises on October 4, 1969. On September 2, 1970, her attorney, by letter, advised the insurance carrier for the Navy Unappropriated Fund Activity, the Commonwealth Adjustment Bureau, of doctors' bills of $287.00 and loss of earnings of $1,200, and that plaintiff was still undergoing treatment.

On June 9, 1971, within the two-year limitation of 28 U.S.C. § 2401(b), plaintiff filed an administrative claim on Standard Form 95, and in the box on the form providing for the "Amount of Claim" for "Personal Injury" wrote "Unknown at this time." On October 1, 1971, plaintiff commenced her action in the district court for general damages, alleged to be the sum of $25,000, and for medical expense and loss of earnings when ascertained.

■ The government filed a motion to dismiss and in the alternative a motion for summary judgment. The court granted summary judgment and did not act on the motion to dismiss. We treat the ruling as a dismissal for lack of jurisdiction and affirm.

28 U.S.C. § 2672 reads in part:

"The head of each Federal agency or his designee, in accordance with regulations prescribed by the Attorney General, may consider, ascertain, adjust, determine, compromise, and settle any claim for money damages against the United States for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred: *Provided*, That any award, compromise, or settlement in excess of $25,000 shall be effected only with the prior written approval of the Attorney General or his designee."

28 U.S.C. § 2675(a) provides that:

"An action shall not be instituted upon a claim against the United States for money damages for . . . personal injury . . . , unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail . . . ."

28 C.F.R. § 14.2(a) provides that:

"For purposes of Section 2672 of Title 28 . . . a claim shall be

---

* Honorable Malcolm M. Lucas, United States District Judge, Central District of California, sitting by designation.

deemed to have been presented when a Federal agency receives . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages, *in a sum certain* . . . ." (Emphasis supplied).

Avril v. United States (9 Cir. 1972) 461 F.2d 1090 controls this case. There the action was dismissed because the claimant failed to file its agency claim in a sum certain; the agency claim was held a nullity; there was thus no jurisdiction in the federal court, for the claimant had technically failed to "have first presented the claim to the appropriate Federal agency" as required by § 2675(a). In accord is Bialowas v. United States (3 Cir. 1971) 443 F.2d 1047, 1050.

■ Where a claim was not filed within the statutory limits, an action filed thereafter should be dismissed for lack of jurisdiction. Jordan v. United States (E.D.Pa.1971) 333 F.Supp. 987. *Jordan* cites *Bialowas, supra,* and sets forth the basis of such a dismissal.

" 'As a sovereign, the United States is immune from suit save as it consents to be sued. The terms of its consent to be sued in any court define the court's jurisdiction to entertain the suit. United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941).' Bialowas v. United States, 443 F.2d 1047, 1048–1049 (3 Cir. 1971). The United States has not consented to be sued once the time period prescribed by 28 U.S.C. § 2401 has run. This Court, then, lacks jurisdiction if plaintiff's claim is barred by that section."

But see Muldez v. United States (E.D. Va.1971) 326 F.Supp. 692, where the court granted "the defendant's motion for summary judgment and dismiss[ed] the action for lack of jurisdiction."

Plaintiff's contention that 28 C.F.R. § 14.2(a) applies only for purposes of 28 U.S.C. § 2672 and not for purposes of § 2675(a), was rejected in *Avril, supra.*

Plaintiff's contention that 28 C.F.R. § 14.2(a) is in excess of the authority granted the Attorney General in 28 U. S.C. § 2672 to prescribe the regulations, is also without merit. We hold that there was a rational basis for the regulation and that it was necessary in order to enable the heads of Federal agencies and the Attorney General to carry out their respective duties in connection with processing and attempting to settle claims under the Tort Claims Act. *Bialowas, supra,* 443 F.2d p. 1050.

The original limit in 28 U.S.C. § 2672 of a claim subject to administrative settlement was $1,000. A 1959 amendment (P.L. 86–238) raised the limit to $2,500.

A 1966 amendment (P.L. 89–506, 80 Stat. 306) eliminated the $2,500 ceiling for administrative settlement of claims and authorized the head of each Federal agency or his designee to settle claims under the Tort Claims Act. It provided, however, "That any award, compromise, or settlement in excess of $25,000 shall be effected only with the prior written approval of the Attorney General or his designee."

The 1966 amendment to 28 U.S.C. § 2672 clarified paragraph three thereof by providing that "Any award, compromise, or settlement in an amount of $2,500 or less made pursuant to this section shall be paid by the head of the Federal agency concerned out of appropriations available to that agency. . . ." See U.S.Code Congressional and Administrative News, 1966, Vol. 2, p. 2523.

Thus after the 1966 amendment "an amount certain" in the claim was not needed to identify the claim as one subject to administrative settlement by the agency, except that the prior written approval of the Attorney General or his designee was required when the claim exceeded $25,000. There still remained the need for the claim to state "a sum certain" to identify the claim which might require Attorney General approval and to identify the claim which, if

settled for $25,000 or less, would be paid out of available appropriations.

Secondly, such identification was needed in connection with insurance coverage that might exist, as it did here, for the governmental agency activity.

Finally, the requirement of the inclusion of "a sum certain" in the claim must be read with the language of 28 U.S.C. § 2675(b): "Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, *except where the increased amount is based upon newly discovered evidence* not reasonably discoverable at the time of presenting the claim to the federal agency, *or upon allegation and proof of intervening facts,* relating to the amount of the claim." (Emphasis added). It is apparent that without the inclusion of "a sum certain" in the claim to the agency, the above provisions of 28 U.S. C. § 2675(b) would be meaningless.

■ We conclude C.F.R. § 14.2(a) requiring "a sum certain" to be stated in the claim was a valid regulation under the power granted the Attorney General in 28 U.S.C. § 2672. The plaintiff failed to comply with this regulation, for the claim presented to the agency was not in a sum certain. The agency claim was therefore no claim at all. The plaintiff thus failed to meet the jurisdictional requirement in § 2675(a) that the federal courts may not entertain a claim which has not first been presented to the appropriate agency.

■ A dismissal of the action was required for another reason. 28 U.S.C. § 2675(a) provides, as set forth above, that no action shall be instituted "unless the claimant shall have first presented the claim to the appropriate Federal agency *and* his claim shall have been *finally denied* by the agency in writing . . . ." (Emphasis added).

Section 2675(a) further provides, "The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for the purposes of this section . . . ."

28 U.S.C. § 2401(b) provides:

"A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." (As amended July 18, 1966, Pub.L. 89–506, § 7, 80 Stat. 307).

The statutory procedure is clear. The claim must be filed with the agency within two years after the claim accrues. 28 U.S.C. § 2401(b). The agency has six months to make an administrative determination on the claim and if it fails to so act, the claimant may at his option thereafter treat the failure as a final denial of the claim. 28 U.S.C. § 2675(a). After an agency denial, the claimant has six months to file an action in the federal courts. 28 U.S.C. § 2401(b). But the claimant may not commence his court action until either (1) the agency makes a final denial within the six months' period, or (2) six months transpires after the claim is filed with the agency, and the claimant then treats the agency failure to act as a final denial of the claim. 28 U.S.C. § 2675(a).

Here the injury occurred on October 4, 1969. Within the two-year statutory period the plaintiff filed a claim on June 9, 1971. But the court action was commenced October 1, 1971, *before* the agency had made a final determination and before the six months' period allowed the agency had expired. There was thus no statutory authority to file the action on October 1, 1971, and no jurisdiction in the court to entertain the claim. Bialowas v. United States, *supra,* 443 F.2d pp. 1048–1049.

The district court should have dismissed the claim for lack of jurisdiction. The court's action in granting summary judgment was erroneous, but we treat its action as a dismissal for lack of jurisdiction.

The judgment is affirmed.