**Maria Luisa Pujols vda. DE GERENA, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 75–225.**

United States District Court, D. Puerto Rico.

Aug. 14, 1975.

Joseph L. Martinez, San Juan, P. R., for plaintiff.

Jorge Ríos Torres, Asst. U. S. Atty., San Juan, P. R., for defendant.

## MEMORANDUM OPINION

PESQUERA, District Judge.

This suit arises out of an automobile accident which occurred on March 13, 1973 when allegedly plaintiff's vehicle was rear ended by another vehicle owned by defendant and which was being driven by an employee of the Department of Agriculture while acting within the scope of his office or employment.

Defendant has moved to dismiss on the grounds that plaintiff failed to initiate her action within six months after the denial of her administrative claim as provided in 28 U.S.C. § 2401(b), and further that such administrative claim is a nullity since it was not made for a "sum certain" as required by 28 C.F.R. 14.2(a) and 28 U.S.C. § 2675(a).

It appears that plaintiff filed an administrative claim on November 23, 1973 and not having heard from the agency on March 13, 1974 she sent a

photocopy of her claim (Standard Form 95) with a letter stating she was filing her claim in court. This photocopy was returned by the agency to the plaintiff with the request that the same be refiled in an original form and complete. (Both the original claim and its photocopy were not fully filled out. There was missing the amount of claim for personal injuries as to which plaintiff had filled in "on treatment". There was also missing the total sum claimed. Again, the form was undated). The agency further requested clarification as to the amount of $305.00 claimed for property damages. On May 7, 1974, plaintiff complied with the agency's request and refiled her claim. However, she again incurred in the aforementioned mistakes.

■ In order to proceed with judicial action, a claimant must first comply with the procedure set up of filing a claim with the agency within two years after the claim accrues. 28 U.S.C. § 2401(b). The agency has six months to make an administrative determination and if it fails to so act, the claimant may, at his option, treat such failure as a final denial of the claim. 28 U.S.C. § 2675(a). After denial claimant has six months in which to file a judicial action. 28 U.S.C. § 2401(b).

The refiling of plaintiff's claim on May 7, 1974 was made within the two years from the time of accrual of her claim, and since the agency failed to act on such claim, the action initiated on March 13, 1973 was timely filed.

■ However, the government is correct in claiming that the resubmission of the claim was not valid for failure to comply with the requirements of 28 C.F.R. 14.2. Plaintiff did not specify the amount of her claim for personal injuries and did not date her claim. For these reasons, her original claim, as well as her refiled claim, cannot be considered a claim which complies with the requirements of the provisions of 28 U.S.C. § 2675(a). Furthermore, since

plaintiff has by now failed to file a proper claim within the two years required by 28 U.S.C. § 2401(b), she must now be held to be barred by the statute of limitations from doing so at this time.

The decision of *Hlavac v. United States*, D.C., 356 F.Supp. 1274, is on all fours with the factual and legal situation in this case. In that case, plaintiff submitted an incomplete claim (Standard Form 95). As plaintiff in this case, she did not set out a sum certain for personal injuries, did not state a total amount and the claim was not dated. After a finding that the prerequisites of 28 U.S.C. § 2675(a) of the filing of an administrative claim and the denial of such claim before the filing of a judicial action are valid conditions that cannot be waived, and likewise that the requirements of 28 C.F.R. 14.2 that a sum certain must be claimed are not unreasonable conditions, the court granted the government's motion to dismiss for plaintiff's failure to file a proper administrative claim. See also for similar cases, *Avril v. United States*, 9 Cir., 461 F.2d 1090; *Bialowas v. United States*, 3 Cir., 443 F.2d 1047; *Jordan v. United States*, D.C., 333 F.Supp. 987; *Driggers v. United States*, D.C., 309 F.Supp. 1377; *Muldez v. United States*, D.C., 326 F.Supp. 692; *Melo v. United States*, 8 Cir., 505 F.2d 1026.

In dismissing this action, we feel compelled to quote from said opinion of *Hlavac v. United States*, supra,

"The fact that plaintiff may indeed have suffered injuries and cannot now seek any remedy is a circumstance that this Court is sympathetic to but cannot consider as a factor in retaining jurisdiction over this suit. (See *Bialowas*, supra, 443 F.2d at 1050). It must also be noted that plaintiff had a lawyer from the outset and cannot claim that she was a simple layman who did not understand what was required of her."

The government's motion to dismiss is granted.