Concepcion **SANTIAGO RIVERA** et al.,
Plaintiffs,

v.

**UNITED STATES OF NORTH AMERICA** et al.,
Defendants.

Civ. No. 75-648.

United States District Court,
D. Puerto Rico.

Sept. 8, 1975.

Dapena, Dapena & Toro, José N. Dapena Laguna, Ponce, P.R., for plaintiffs.

Asst. U. S. Atty., Jorge Ríos Torres, San Juan, P. R., for defendants.

## MEMORANDUM OPINION

PESQUERA, District Judge.

This suit arises out of the alleged wrongful death of a hospitalized veteran on November 25, 1973 due to food poisoning at the Veterans Administration Hospital. It was initially filed before the Superior Court of Puerto Rico, Ponce Part, on or about the first anniversary of the veteran's death. The defendants removed this case to this Court in accordance with the provisions of 28 U.S.C. § 1442(a)(1) and 1446, and now have moved to dismiss on the ground that plaintiffs failed to comply with the provisions of 28 U.S.C. § 2675(a) in filing an administrative claim which is a prerequisite to a suit against the United States. 28 U.S.C. § 2675(a) provides in part:

"An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."

Plaintiffs claim they did file an administrative claim through correspondence held by their attorneys with the legal officers of the Veterans Administration. It appears that on July 29, 1974 counsel for plaintiffs wrote to the Veterans Administration inquiring if the determination being made by the Administration would cover compensation for the death of the veteran as provided in 38 U.S.C. § 351, which provides in part,

"Where any veteran shall have suffered an injury or an aggravation of an injury, as the result of hospitalization, medical or surgical treatment, or the pursuit of a course of vocational rehabilitation under chapter 31 of this title, awarded him under any of the laws administered by the Veterans' Administration, or as a result of having submitted to an examination under any such law, and not the result of his own willful misconduct, and such injury or aggravation results in additional disability to or the death of such veteran, disability or death compensation under this chapter and dependency and indemnity compensation under chapter 13 of this title shall be awarded in the same manner as if such disability, aggravation, or death were service-connected."

The Veterans Administration promptly replied that the relatives of the deceased veteran were receiving the maximum compensation to which they were entitled under the above quoted provisions.

Not satisfied with this reply, counsel for plaintiffs again wrote to the Veterans Administration on August 8, 1974 specifically inquiring if the compensation being paid to the relatives of the deceased veteran included compensation for his death as a result of the aggravation of his illness when he suffered food poisoning at the Veterans Hospital. On August 13, 1974 the Veterans Administration replied affirming that the beneficiaries of the deceased veteran had been granted the maximum compensation benefits to which they are entitled.

It is obvious that the correspondence referred to above cannot be interpreted as a claim for money damages for the death allegedly caused by the negligence or wrongful act or omission of any employee of the government while acting within the scope of his employment, and only for the compensation provided for in 38 U.S.C. § 351 which was in fact the legal provision quoted in plaintiffs' counsel correspondence. But even assuming that this was the intent of plaintiffs' counsel, we cannot conclude that a proper claim has ever been filed since it was not made for a sum certain as required by 28 C.F.R. 14.2(a) and 28 U.S. C. § 2675(a).

"It is clear that as a sovereign the United States is immune from suit and that its consent to be sued in certain instances can be conditioned upon conformity to various procedural requirements. *United States v. Sherwood*, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941).

The 28 U.S.C. § 2675(a) prerequisite of the filing of an administrative claim and the denial of such claim before a suit such as this becomes jurisdictionally ripe for this Court is a valid condition that cannot be waived. *Bialowas v. United States*, 443 F.2d 1047 (3rd Cir. 1971); *Driggers v. United States*, 309 F.Supp. 1377 (D. C.1970). Likewise the requirements for a valid claim—that the claim must be in writing and that a sum certain must be set out—as indicated in 14 CFR § 14.2 are not unreasonable conditions. *Bialowas*, supra; *Driggers*, supra; *Jordan v. United States*, 333 F.Supp. 987 (D.C.1971).

"*Bialowas, Driggers,* and *Jordan* all involved various degrees of incompleted forms and in each case the Court granted the Government's motion to dismiss on the grounds that the incompleted forms, including the failure to state a sum certain, were not valid administrative claims in regard to sat-

**332**

isfying 28 U.S.C. § 2675(a) requirements."

*Hlavac v. United States*, 356 F. Supp. 1274, 1276.

For reasons we fail to understand, we often find that fellow American citizens who reside in Puerto Rico do not take full advantage of the remedies which our national government has graciously granted its citizens. As recently as August 13, 1975, we were compelled to dismiss a tort claim for damages against the United States for the same reasons we are also compelled to dismiss this action. On that occasion, we had to quote the following from *Hlavac v. United States*, supra.

"The fact that plaintiff may indeed have suffered injuries and cannot now seek any remedy is a circumstance that this Court is sympathetic to but cannot consider as a factor in retaining jurisdiction over this suit. (See *Bialowas*, supra, 443 F.2d at 1047). It must also be noted that plaintiff had a lawyer from the outset and cannot claim that she was a simple layman who did not understand what was required of her."

We feel conscience bound in this case to advise plaintiffs to promptly file a proper claim with the Veterans Administration within the two year statutory limitation specified in 28 U.S.C. § 2401(b), after due consideration of all the provisions of 38 U.S.C. § 351.

The government's motion to dismiss is granted.