Charles B. DRISKELL, Plaintiff,

v.

UNITED STATES of America et al., Defendants.

No. CV 75–127–AAH.

United States District Court, C. D. California.

May 2, 1977.

Gerald E. Agnew, Jr., Los Angeles, Cal., for plaintiff.

William D. Keller, U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., Chief, Civ. Div. by Asst. U. S. Atty. Roger E. West, Los Angeles, Cal., for defendants.

FINDINGS OF FACT AND CONCLUSIONS OF LAW

HAUK, District Judge.

FINDINGS OF FACT

## I

Plaintiff brings this action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b), § 2671–80, seeking damages for alleged negligence in the rendering to him of medical treatment at the Wadsworth Veterans Administration Hospital, Los Angeles, California, in the year 1971.

## II

In June, 1971, plaintiff, Charles B. Driskell, was involved in an automobile accident in the state of Arkansas, in which accident he suffered a fracture and dislocation of the odontoid process and neck vertebrae denoted as C–1 and C–2. Plaintiff initially received treatment for this injury at a private medical facility in the state of Arkansas. On or about June 28, 1971, plaintiff left the private medical facility in Arkansas and traveled, by automobile, to the Wadsworth Veterans Administration Hospital, Los Angeles, California, where he was admitted on July 20, 1971.

## III

On August 5, 1971, plaintiff underwent surgery at Wadsworth Veterans Administration Hospital for a posterior fusion of the vertebrae denoted as C–1 through C–3. This surgery was conducted by Dr. Stanley Goodman.

## IV

Plaintiff alleges three claims for relief in connection with this surgical procedure, and the care he received at the Wadsworth Veterans Administration Hospital both prior to and subsequent to this surgical procedure. These alleged claims are summarized as follows:

A. That the surgical fusion of the vertebrae denoted as C–1 through C–3, which took place at the Wadsworth Veterans Hospital on August 5, 1971, was undertaken without plaintiff's approval or consent. Specifically, plaintiff alleges:

"I had no knowledge that such an operation was to be performed, did not consent to it, and would not have consented to it if I had been given the opportunity to object or protest."

B. Plaintiff's second claim for relief for negligent treatment consists of his allegations that he contracted pneumonia as the result of negligent treatment and care by defendants. Specifically, plaintiff alleges that, immediately after the surgery performed on August 5, 1971, he recalls being placed outside in the open air, and where he was allegedly left unattended for five hours, at the end of which time a physician noticed him, and stated to someone else

"stop anything you're doing . . . and get this man back to his ward. He's been out here five hours, and he'll have pneumonia."

C. As a third claim for relief, plaintiff alleges that the treatment rendered to him to combat the pneumonia which he had contracted was negligent, in that,

"excessive and prolonged doses of gentamycin" were rendered to him, which dosages resulted in alleged damage to his vestibular and auditory nerves.

## V

The plaintiff did not file an administrative tort claim, a prerequisite to filing an action under the Federal Tort Claims Act, (see 28 U.S.C. § 2675(a)) until February 1, 1974. This claim was not timely filed, for the reason that plaintiff's claims herein accrued in November, 1971, more than two years prior to the filing of this claim. 28 U.S.C. § 2401(b). Plaintiff alleges that he filed a claim on September 14, 1972, which claim was supplemented on November 2, 1972. The Court has examined these "claims" and finds that they cannot be considered administrative claims for purposes of the Federal Tort Claims Act because they fail to set forth a demand for a sum certain, as required by 28 C.F.R. § 14.2. See *Caton v. United States*, 495 F.2d 635 (9th Cir., 1974); *Avril v. United States*, 461 F.2d 1090 (9th Cir., 1972); *Bialowas v. United States*, 443 F.2d 1047 (3rd Cir., 1971); *Rivera v. United States*, 405 F.Supp. 330 (D.Puerto Rico, 1975).

## VI

Assuming, *arguendo*, the truth of the allegations constituting plaintiff's first alleged claim for relief, summarized at Finding of Fact IV A *supra*, the Court finds

that plaintiff, by his own admission, knew that the August 5, 1971 surgery had been performed, and that he had not consented thereto, in November, 1971. This claim thus accrued in November, 1971.

## VII

Assuming, *arguendo*, the truth of the allegations constituting plaintiff's second alleged claim for relief, summarized at Finding of Fact IV B *supra*, the Court finds that plaintiff, by his own admission, knew on August 5, 1971 that he had been placed outside, unattended for five hours, that a medical doctor had stated, at that time, that pneumonia could result from this act, and knew in November, 1971, that he had contracted and received treatment for pneumonia immediately following this act. This claim thus accrued in November, 1971.

## VIII

Assuming, *arguendo*, the truth of the allegations constituting plaintiff's third alleged claim for relief, summarized at Finding of Fact IV C *supra*, the Court finds that plaintiff, who claims that, in November, 1971, he experienced a sudden and unprecedented onslaught of dizziness, on a continuous basis, twenty-four hours per day, and who was aware at that time of all of the above facts, should have, in the exercise of reasonable diligence, discovered the acts constituting the defendants' alleged malpractice in November, 1971. This claim thus accrued in November, 1971.

## IX

On August 10, 1971, plaintiff was diagnosed by defendant as suffering from pseudomonas pneumonia.

## X

From August 10, 1971 to September 7, 1971, defendants administered dosages of the antibiotic Gentamycin to plaintiff as part of the course of treatment of plaintiff's pseudomonas pneumonia.

## XI

The administration by defendants to plaintiff of the antibiotic Gentamycin from August 10, 1971 to September 7, 1971, was in all respects, consistent with all applicable standards of medical care existing in the medical community for such procedure at that time.

## XII

Defendant Michale Ivan was, at all times relevant herein, acting in the course and scope of his employment as a medical doctor with the United States Veterans' Administration.

## XIII

Any of the foregoing Findings of Fact deemed to be conclusions of law are hereby incorporated into the Conclusions of Law.

## CONCLUSIONS OF LAW

### I

This Court lacks subject matter jurisdiction herein as to each of the three claims for relief alleged by plaintiff, because each is barred by the limitations provision contained in 28 U.S.C. § 2401(b).

### II

As a sovereign, the United States of America is immune from suit save as it consents, and the terms and conditions under which it consents to be sued strictly define the limits of any Court's jurisdiction. *United States v. Sherwood*, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941); *Mitchell v. Riddell*, 402 F.2d 842 (9th Cir., 1968).

### III

The question of when a claim, under the Federal Tort Claims Act, accrues, is governed by Federal law. *Hall v. United States*, 314 F.Supp. 1135 (N.D.Cal., 1970). The rule in this Circuit, with respect to cases arising under the Federal Tort Claims Act, is that a cause of action for medical malpractice accrues against the United States when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged malpractice. *Hungerford v. United States*, 307 F.2d 99, 102 (9th Cir., 1962); see also *Ashley v. United States*, 413 F.2d 490 (9th Cir., 1969); *Dulaine v. United States*, 371 F.2d 824 (9th Cir., 1967); *Brown v. United States*, 353 F.2d 578 (9th Cir., 1965).

## IV

In the instant action, as noted *supra* at Finding of Fact V, plaintiff presented his administrative tort claim to the United States Veterans' Administration on February 1, 1974. Plaintiff must demonstrate, therefore, that each of his three alleged claims for relief, summarized *supra*, at Finding of Fact IV, accrued subsequent to February 1, 1972, in order to be able to maintain an action as to each.

## V

Upon thorough consideration of the facts in this case, the Court concludes that each of plaintiff's three alleged claims for relief accrued prior to February 1, 1972, and thus this action must be dismissed for the reason that it is barred by the limitations provisions of 28 U.S.C. § 2401(b), *Caton v. United States*, 495 F.2d 635 (9th Cir., 1974); *Hungerford v. United States, supra.*

## VI

In addition to concluding that plaintiff's third alleged claim for relief is barred by the limitations provisions of 28 U.S.C. § 2401(b), the Court also concludes, on the record before it, that there is no genuine triable issue of material fact with respect to plaintiff's allegation that the administration of Gentamycin to him from August 10, 1971 to September 7, 1971, constituted medical malpractice upon the part of the defendants, and defendants are entitled to judgment as a matter of law on this issue. The administration by defendants to plaintiff of the antibiotic Gentamycin from August 10, 1971 to September 7, 1971, was in all respects, consistent with all applicable standards of medical care existing in the medical community for such procedure at that time.

## VII

The defendants named herein, other than the United States of America, are not proper parties defendants to this action, and must be dismissed. 28 U.S.C. § 2679(a); 38 U.S.C. § 4116(a).

## VIII

There is no genuine triable issue of material fact in this case, and defendants are entitled to judgment as a matter of law.

## IX

Any of the foregoing Conclusions of Law deemed to be findings of fact are hereby incorporated into Findings of Fact.