**Angela HAMILTON and Robert Hamilton, Plaintiffs,**

v.

**UNITED STATES of America and United States Postal Service, Defendants.**

**Civ. A. No. 89–4724 (SSB).**

United States District Court, D. New Jersey.

Aug. 1, 1990.

---

birth, and marital status. The form also requires that the claimant set forth the facts and circumstances of the accident, such as identifying the persons or property involved, the location of the accident, the cause of the accident, and the resulting injuries or damage. Item 12 on the form specifically requests the amount of the claim, in dollars, for three separate types of claims: property damage (12a.), personal injury (12b.), and wrongful death (12c.). The form also has a separate line item for the total claim under the caption "12d. TOTAL (Failure to specify may cause forfeiture of your rights.)." Item 12 refers the claimant to the instructions on the reverse of the form. These instructions state:

> A claim shall be deemed to have been presented when a federal agency receives from a claimant, his [or her] duly authorized agent, or legal representative an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a *sum certain* for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident.... **Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.**

(emphasis in original). In each of the line items requesting the amount of plaintiffs' claim, plaintiffs responded, "None."

Defendant submitted a letter to the court from Ronald Blake, Accident Investigator from the United States Postal Service, dated February 18, 1988. The letter to Mr. Grudko, plaintiffs' attorney, states in pertinent part, that the claim could not be considered until plaintiffs presented a specific amount of damages in blocks 12a through 12d. The letter also requests written reports from plaintiff's attending physician and itemized bills for medical and hospital services. Plaintiffs' attorney maintains he did not receive the letter, although his statement is not sworn.

Plaintiffs filed a complaint in federal district court on November 9, 1989. The government has moved to dismiss the complaint for lack of subject matter jurisdiction

Friedman, Bafundo, Ginsberg & Porter, P.C. by Jeffrey Grudko, Cherry Hill, N.J., for plaintiffs.

Michael Chertoff, U.S. Atty. by Louis Bizzarri, Asst. U.S. Atty., U.S. Dept. of Justice, Camden, N.J., for defendants.

## OPINION

BROTMAN, District Judge.

Currently before the court is the motion to dismiss of the United States under Rule 12(h)(3) of the Federal Rules of Civil Procedure. For the reasons stated herein, the court will grant the motion and dismiss the complaint.

## I. FACTS AND PROCEDURE

On December 14, 1987, plaintiff Angela Hamilton fell on the premises of the Stratford Post Office as she carried boxes from her car to the Post Office. Plaintiff allegedly tripped over a raised piece of concrete and suffered injuries to her back and neck.

Plaintiffs submitted an SF–95 form to the Postal Service on February 17, 1988. The form requests information about the claimant such as name, address, date of

because plaintiffs failed to file properly an administrative claim. Plaintiffs contend that the SF–95, as filed, gave the government sufficient notice to investigate the claim and, therefore, their failure to specify an amount does not bar this suit. Plaintiffs claim that the information sought by the government, the sum certain of plaintiffs' damages, is required only for settlement purposes.

## II. DISCUSSION

■ Three interrelated statutory provisions and several regulations set forth the limitations of the government's waiver of its sovereign immunity to tort actions. First, the statute of limitations provides that:

[e]very civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues.... A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of ... notice of final denial of the claim by the agency to which it was presented.

28 U.S.C.A. § 2401 (Supp.1990). Before instituting suit in federal court, however, a claimant must first present the claim to the appropriate agency. *Id.* § 2675(a). The purpose of this presentation requirement is to allow the agency to exercise its authority under 28 U.S.C.A. § 2672 (Supp.1990), which permits the head of the agency to "consider, ascertain, adjust, determine, compromise, and settle any claim for money damages against the United States." *Id.* The requirement of filing an administrative claim is jurisdictional and can not be waived. *Bialowas v. United States,* 443 F.2d 1047, 1049 (3d Cir.1971).

Pursuant to his rulemaking authority under section 2672, the Attorney General has promulgated regulations governing adjustment of administrative claims. Specifically, the regulations provide that "a claim shall be deemed to have been presented when a Federal agency receives from a claimant ... an executed standard Form 95 or other written notification of the incident, accompanied by a claim for money damages *in a sum certain* for injury to or loss of property, personal injury, or death...." 28 C.F.R. § 14.2(a) (1989) (emphasis added). Limitations on the government's settlement authority are also set forth in. the regulations. *See id.* §§ 14.5–14.8 (1939) (claimant may be required to submit, *inter alia,* itemized medical bills).

Failure to comply with these regulations is not always fatal to plaintiff's claim. The Court of Appeals for the Third Circuit distinguished the requirements for proper presentation of a claim from the requirements for settlement of that claim in *Tucker v. United States Postal Service,* 676 F.2d 954, 959 (3d Cir.1982). In *Tucker,* the Third Circuit held that plaintiff had properly presented a claim within the jurisdictional limit by filing an SF–95 specifying a sum certain but without the accompanying itemized medical bills as required by. 28 C.F.R. § 14.4(b). *Id.* The court substantially relied on Judge Vance's analysis in *Adams v. United States,* 615 F.2d 284 (5th Cir.1980). The court distinguished the regulations promulgated under section 2672, which relate to administrative settlement and adjustment of properly presented claims, from proper notice under section 2675. The court stated that whether plaintiff has presented the requisite section 2675 notice is determined without reference to whether that plaintiff has complied with all settlement related requests for information. *Id.* at 957 (quoting *Adams,* 615 F.2d at 288).

The *Tucker* court noted that a claimant satisfies the jurisdictional requirements of notice under section 2675 when he or she "(1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value on his or her claim." *Tucker,* 676 F.2d at 959 (quoting *Adams,* 615 F.2d at 290 (quoting S.Rep. No. 1327, 89th Cong., 2d Sess. 7, *reprinted in* 1966 U.S.Code Cong. & Admin.News at pp. 2515, 2517)). The court found that the restriction in the statute to filing claims in an amount that did not exceed "the amount of the claim presented to the federal agency" anticipated that no-

**1162**

tice to the agency would include a statement of damages. *Tucker,* 676 F.2d at 959 (quoting *Adams,* 615 F.2d at 289); 28 U.S.C. § 2675(b). Because the claimant in *Tucker* had listed a sum certain on her SF–95, the court held that she met the notice requirements and her case was not barred for failure to submit itemized medical bills. *Tucker,* 676 F.2d at 959.

▮ Plaintiffs here have failed to specify the amount of their claim on their SF–95. They have placed no value on their claim. Because this information is required under *Tucker* to give proper notice to the United States Postal Service, the SF–95 is defective. *Tucker* is distinguishable because plaintiffs have done more than merely withheld itemized bills required for settlement; here, plaintiffs' notice is defective. Having failed to satisfy the requirements of presentation of their claim to the proper agency, plaintiffs' claim is barred. *Bialowas v. United States,* 443 F.2d 1047, 1050 (3d Cir.1971).

The court notes that plaintiffs were warned of the possibility of this harsh result on the SF–95 form itself. While the claimant in *Bialowas* was informed by telephone that his SF–95 was defective, this court finds that such a warning is not required where the form on its face clearly states that failure to specify a sum certain may cause forfeiture of plaintiffs' claim. This case does not concern a "technical" defect in the SF–95 that might require warning from the agency to put claimants on notice of the deficiency.

## III. CONCLUSION

This court has determined that it does not have subject matter jurisdiction over plaintiffs' claim. It will, therefore, grant the motion of the government to dismiss under Rule 12(h)(3) of the Federal Rules of Civil Procedure and dismiss the complaint.

An appropriate order will be entered.