

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-14-2008

# Bruno v. US Postal Ser

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1647

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Bruno v. US Postal Ser" (2008). *2008 Decisions*. Paper 1598.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1598

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

————

NO. 07-1647

————

ELIZABETH BRUNO
Appellant

v.

THE UNITED STATES POSTAL SERVICE;
UNITED STATES OF AMERICA

————

On Appeal From the United States
District Court
For the Eastern District of Pennsylvania
(D.C. Civil Action No. 06-cv-04206)
District Judge:  Hon. William H. Yohn, Jr.

————

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 12, 2008

BEFORE:  SLOVITER, SMITH and
STAPLETON, *Circuit Judges*

(Opinion Filed:  February 14, 2008)

————

STAPLETON, Circuit Judge:

Plaintiff/appellant, Elizabeth Bruno, brought this action under the Federal Tort Claims Act ("FTCA") to recover for injuries allegedly suffered on September 18, 2004, as a result of the negligence of postal employees. The District Court dismissed her suit on sovereign immunity grounds. We will affirm for the reasons set forth in its opinion.

The FTCA waives the sovereign immunity of the federal government for tort claims arising from the negligence of its employees action within the scope of their employment. However, "an initial presentation of the claim to the appropriate federal agency and a final denial by that agency" are non-waivable jurisdictional prerequisites for suits brought under the FTCA. 28 U.S.C. § 2675(a); *Bialowas v. United States*, 443 F.2d 1047, 1049 (3d Cir. 1971). In order to properly present such a claim, a plaintiff must provide the agency with written notification of the incident involved "accompanied by a claim for money damages in a sum certain," known as the "sum requirement." 39 C.F.R. § 912.5(a); *Bialowas*, 443 F.2d at 1049. The purpose of the "sum requirement" is to "enable a determination by the head of the federal agency as to whether the claim falls within the jurisdictional limits of his exclusive authority to process, settle or to properly adjudicate the claim . . . [and] to set up uniform procedures in the exercise of settlement

2

authority." *Bialowas*, 443 F.2d at 1050. Thus, a plaintiff must state a "specific sum" or "information . . . from which a specific amount could be computed." *Bialowas*, 443 F.2d at 1049; *see also Hawa Abdi Jama v. INS*, 22 F. Supp. 2d 353, 367 (D.N.J. 1998). If a plaintiff fails to do so, then a district court is deprived of jurisdiction over the FTCA claim. *Bialowas*, 443 F.2d at 1049; *Tucker v. U.S. Postal Serv.*, 676 F.2d 954, 959 (3d Cir. 1982).

On September 27, 2004, Bruno, through counsel, submitted a letter to the United States Postal Service giving notice that she had suffered injuries as a result of the negligence of its employees. That letter failed to state, however, a specific sum or "information . . . from which a specific amount could be computed." *Bialowas*, 443 F.2d at 1049. This deficiency was not cured prior to the filing of this suit.

The order of the District Court will be affirmed.