**Julia F. GALLIMORE**

v.

**UNITED STATES of America.**

**Civ. A. No. 78–3794.**

United States District Court,
E. D. Pennsylvania.

Jan. 12, 1982.

---

Robert W. Lentz, Paoli, Pa., for plaintiff.

Wallace H. Kleindienst, Attorney Civil Division, U. S. Dept. of Justice, Washington, D. C., Rachel Shao, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

MEMORANDUM

LOUIS H. POLLAK, District Judge.

This is an action to recover damages for injuries allegedly sustained following plaintiff Julia Gallimore's inoculation with swine flu vaccine which was administered to her as part of the federal government's swine flu immunization program in 1976. Plaintiff filed an administrative claim form pursuant to 28 U.S.C. § 2675(a)[1] on April 12, 1978, claiming total damages of $200,000. Following the Government's failure to make a final disposition of her claim, plaintiff filed this action on November 13, 1978, seeking damages in the same amount. Plaintiff now moves to amend her claim to increase the prayer for damages to $2 million. In support of her motion, plaintiff advances two contentions: first, that the seriousness of Mrs. Gallimore's current illness was not reasonably foreseeable or discoverable at the time she filed her administrative claim; and, second, that a change in Pennsylvania law governing the calculation of damages for future lost earnings warrants an increase in the *ad damnum* clause of her complaint. Under the new rule announced in *Kaczkowski v. Bolubasz*, 491 Pa. 561, 421 A.2d 1027 (1980), a plaintiff may calculate damages for loss of future earnings without discounting to present value; the obvious consequence of this change is to increase the amount of damages a plaintiff may claim. The Government resists this amendment, arguing that the grounds asserted by plaintiff do not satisfy section 2675(b).

Section 2675(b) of title 28, which is part of the Federal Tort Claims Act, provides:

(b) Action under this section shall not be instituted for any sum in excess of the

---

1. Section 2675(a) provides:

(a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

Accordingly, the amount of damages that may be claimed in a suit brought after the denial of an administrative claim is generally limited to the amount sought through the administrative process. At the same time, section 2675(b) does not establish a rigid rule barring all amendments; instead, it requires only that the plaintiff show some justification, such as "newly discovered evidence" or some "intervening facts relating to the amount of the claim," before an increase in the amount of his claim will be permitted. *See, e.g., Letoski v. United States,* 488 F.Supp. 952 (E.D.Pa.1979).

■ With respect to plaintiff's first contention, that Mrs. Gallimore's injuries now appear to be more serious than at the time her administrative claim was filed, plaintiff has failed to assert any concrete facts to support this claim. In the absence of any specific allegations of "newly discovered evidence" and without any showing that such evidence could not have reasonably been discovered at the time of presenting the claim to the federal government, an amendment under section 2675(b) would be improper and therefore plaintiff's motion to amend cannot be granted on this basis.

■ The second argument raised by plaintiff, however, presents a more difficult question. At the outset, it should be noted that the measure of damages under the Federal Tort Claims Act is generally governed by the law of the state where the cause of action arose.[2] 28 U.S.C. § 2674. *See Feeley v. United States,* 337 F.2d 924, 927 (3d Cir. 1964); *Simpson v. United States,* 484 F.Supp. 387, 395 (W.D.Pa.1980). Therefore, in this case, as the parties appear to agree, the court must look to Penn-

sylvania law to determine the measure of damages.

■ The change in the Pennsylvania law concerning the measurement of damages for future loss of earnings brought about by the Pennsylvania Supreme Court's decision in *Kaczkowski v. Bolubasz, supra,* clearly has a significant impact on the amount of damages that plaintiff is entitled to claim. Admittedly, such a change does not, on its face, appear to be an "intervening *fact*," such as the physical improvement of the plaintiff in *Husovsky v. United States,* 590 F.2d 944 (D.C.Cir.1978), on the basis of which a court may permit an increase in a claim under section 2675(b). However, considering that this court must look to Pennsylvania law for the measure of damages and since it would have been impossible to predict this change in longstanding Pennsylvania precedent at the time plaintiff filed her administrative claim, it seems reasonable to view this change as an intervening event that justifies amendment under section 2675(b) of plaintiff's claim.

Moreover, since plaintiff does not assert that this change in the law provides a new theory of liability or give rise to a new cause of action, the Government was fully aware of the specifics of plaintiff's claims at the time it reviewed plaintiff's administrative file. The change relates only to the method for computing damages for loss of future earnings—an element of damages which plaintiff has been entitled to include as part of her claim throughout this action in both its administrative and judicial phases.

In general, the requirements of setting forth a specific claim and stating a sum certain in the administrative proceeding as a prerequisite to suit under section 2675(a) and (b) serve to

ease court congestion and avoid unnecessary litigation, while making it possible to expedite the fair settlement of tort claims asserted against the United States . . . [and] provide for more fair and equi-

**2.** The only exception to this general rule is that where state law would permit punitive damages to be assessed against the United States, a federal court must adopt a compensatory standard for damages. Since plaintiffs only seek compensatory damages in this case, this exception is not applicable. *See generally, Feeley v. U. S.,* 337 F.2d 924, 927 n.6 (3d Cir. 1964).

table treatment of private individuals and claimants when they deal with the Government.

*Adams v. United States,* 615 F.2d 284, 288–89 (5th Cir. 1980) (quoting Senate Rep.No. 1327, 89th Cong., 2d Sess. at 5 & 6). *See also Executive Jet Aviation, Inc. v. United States,* 507 F.2d 508 (6th Cir. 1974). It seems clear that plaintiff has satisfied these requirements and has thereby helped to facilitate the evaluation of her claim by the administrative agency charged with that responsibility. A subsequent amendment to take account of a new method for calculating an element of damages when those damages are based on a cause of action identical to that presented to the administrative agency would not, in my view, contravene the purposes of section 2675. The Government's ability to evaluate the merits of the underlying claim for settlement purposes or to prepare an adequate defense is not prejudiced by such an amendment since it does not involve a new theory of liability or new set of facts that must be rebutted. Indeed, all that has changed is the relatively mechanical operation of computing the amount of future lost earnings without discounting for present value under the new rule set forth in *Bolubasz, supra.*[3] *Cf. Rush v. Parham,* 440 F.Supp. 383, 387 (N.D.Ga. 1977) (court permitted amendment under Fed.R.Civ.P. 15(a) to include claim for attorney's fees pursuant to Civil Rights Attorney's Fees Award Act although the statute was enacted subsequent to the filing of the action), *rev'd on other grounds,* 625 F.2d 1150 (5th Cir. 1980).

For the foregoing reasons, plaintiff's motion to amend the *ad damnum* clause of her complaint will be granted.

---

**3.** It would have been helpful if plaintiff had provided some arithmetic explanation describing how the *Bolubasz* rule warrants an increase by a factor of 10 in her damages, but I do not regard this as a fatal flaw in her motion to amend. Presumably, plaintiff will offer evidence at trial to support her claim for lost future earnings and if she is unable to establish her entitlement to the full amount of the claim, it will be reduced accordingly in any award that may be entered. Thus, it should be clear that this amendment is only permitted with respect to the amount of Mrs. Gallimore's claim attributable to lost future earnings.