Deborah ROBINSON and James Robinson, her husband, Plaintiffs,

v.

The UNITED STATES of America, Defendant.

Civ. A. No. 83–253.

United States District Court,
W.D. Pennsylvania.

May 24, 1983.

Irving M. Portnoy, Litman, Litman, Harris & Portnoy, P.A., Pittsburgh, Pa., for plaintiffs.

J. Alan Johnson, U.S. Atty., Albert W. Schollaert, Asst. U.S. Atty., Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

WEBER, District Judge.

Plaintiffs have instituted this action under the Federal Tort Claims Act for injuries arising from a collision with a postal service truck. The government has moved to dismiss for lack of jurisdiction. We conclude that plaintiffs have failed to comply with the jurisdictional requirements of the Federal Tort Claims Act and the action must, therefore, be dismissed.

Plaintiffs initially filed an administrative claim, without the assistance of an attorney, for property damage arising from the accident. This claim was settled by the Postal Service for the amount requested. Subsequently, with the advice and assistance of counsel, plaintiffs filed a second administrative claim for personal injuries to Mrs. Robinson incurred in the accident. Under the heading "Amount of Claim", plaintiffs inserted "amount undetermined". This claim was filed September 29, 1981. A letter from counsel accompanying the claim contained assurance that documentation of losses would be forthcoming.

After some exchange of correspondence, the Postal Inspector informed counsel that deficiencies existed in the administrative claim. Specifically, counsel was informed that the claim must state money damages in a sum certain for personal injury, and that supporting documentation for those damages must be submitted. Rather than cure the deficiencies in the administrative claim, counsel then filed this lawsuit in February 1983.

Although the government's motion raises a variety of issues we find one ground in particular to be dispositive and, therefore, address only that one item. The government contends that the plaintiffs have not filed a proper administrative claim and therefore cannot comply with the jurisdictional prerequisites of the Federal Tort Claims Act.

The Federal Tort Claims Act requires any injured party to file an administrative claim for money damages for injury or loss of property as a prerequisite to filing suit on the claim. 28 U.S.C. § 2675 (1966). A primary purpose of this provision is to permit the government to expedite a fair settlement of the claim presented. *e.g. Adams v. United States,* 615 F.2d 284 (5th Cir.1980).

In furtherance of this purpose, federal regulations require a claim to state a "sum certain". 28 C.F.R. § 14.2; 39 C.F.R. § 912.5(a). Plaintiffs in the instant case failed to state a sum certain for personal injuries. Upon receipt of a letter from the Postal Inspector informing them of the sum certain requirement plaintiffs filed the instant action rather than remedy the defects in their administrative claim.

■ An administrative claim form that fails to state a sum certain for money damages does not constitute a proper claim. *Bialowas v. United States,* 443 F.2d 1047 (3d Cir.1971); *Driggers v. United States,* 309 F.Supp. 1377 (D.S.C.1970); *Gunstream v. United States,* 307 F.Supp. 366 (C.D.Cal. 1969). In short, the papers filed by the plaintiffs with the Postal Service are insufficient to constitute a claim. Without the inclusion of a sum certain, the government is unable to determine what officer has responsibility for settlement and is hindered in determining what is an equitable settlement. Consequently, the failure to submit a proper and/or timely administrative claim deprives this court of jurisdiction over the matter. *Bialowas,* 433 F.2d 1047.

■ Plaintiffs seek to excuse the failure to submit a proper claim by pleading the ignorance of the claimants. This argument has no merit because plaintiffs were represented by counsel at the time they filed the administrative claim for personal injuries. Plaintiffs also seek refuge in that section of 28 U.S.C. § 2675 which provides that a claimant, at his election, may file suit on his claim without receiving a denial by the government agency if that agency has not acted on the administrative claim within six months after its filing. It is argued then that plaintiffs' claim is properly filed in this court because the government failed to request the statement of a sum certain until more than six months had passed from the filing of the administrative claim. The argument fails, however, because the six month period for government action is counted from the filing of a proper administrative claim. As described above, plaintiffs' claim is improper and insufficient to permit intelligent government action. The provision which plaintiffs rely on is, therefore, inapplicable.

For the reasons stated above the government's motion to dismiss will be granted and plaintiffs' complaint dismissed with prejudice. The government has also raised a waiver and release argument but because of our determination on this issue, we do not address those other matters.