**Edward L. FARR**

v.

**UNITED STATES of America and Veterans Administration Hospital.**

**Civ. A. No. 83–4401.**

United States District Court,
E.D. Pennsylvania.

Feb. 14, 1984.

Herbert Monheit, Philadelphia, Pa., for plaintiff.

Edward S.G. Dennis, Jr., U.S. Atty., Geoffrey L. Beauchamp, Asst. U.S. Atty., Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the court is defendants' motion, in the alternative, to dismiss the complaint, for summary judgment, or to limit the amount of recoverable damages. Also before the court is defendants' motion to stay a scheduled arbitration hearing on this matter. For the reasons stated herein, defendants' motion to dismiss will be granted and the motion for a stay will be denied.

## I. FACTS

On September 11, 1981, plaintiff was entering a Veterans' Administration Hospital in Philadelphia when he struck his head on an overhead obstruction. The impact caused plaintiff to fall to the ground. Commencing on September 12, 1981, and continuing for a period of time thereafter, plaintiff was treated by two doctors for complaints of neck and back pain and head-aches, all resulting from the September 11, 1981 incident.

On March 15, 1983, plaintiff submitted a "Claim for Damage, Injury, or Death" form to the Veterans' Administration describing the accident of September 11, 1981. Plaintiff, however, failed to complete item number ten on the form which was the space where plaintiff was to enter the amount of his claim (in dollars) with regard to property damage, personal injury, wrongful death and the total amount.[1] In the space reserved for a description of the nature and extent of any personal injury, item number thirteen, plaintiff typed "See attached medical records." The medical records to which this statement referred were two bills from the doctors who had treated plaintiff after his accident. These bills listed the tests performed and the fees for services rendered. The two bills totalled $1,420.00.

On March 22, 1983, the Veterans' Administration requested further data from plaintiff in order to locate records of the incident or medical records for plaintiff at the hospital. On April 12, 1983, having by then located the relevant medical records, the Veterans' Administration again requested information relating to the September 11, 1981 accident in order to investigate the claim.[2] On September 9, 1983, plaintiff filed the complaint in this case under the Federal Tort Claims Act against defendants seeking "damages [for his injuries] in an amount less than $50,000.00, together with interest and costs."

## II. DISCUSSION

■ The Federal Tort Claims Act specifically requires initial presentation of a claim to the appropriate federal agency and a final denial by that agency as a prerequisite to suit under the Act. *Bialowas v. United States*, 443 F.2d 1047 (3d Cir.1971),

---

1. Plaintiff did type the word "No" in the space labeled "Property Damage," but failed to complete the spaces labeled "Personal Injury," "Wrongful Death," and "Total."

2. Defendants contend that plaintiff was sent a third letter on September 29, 1983, which requested information essential to the processing of the claim, a contention denied by plaintiff who alleges he has no record of receiving such a letter.

28 U.S.C. § 2675(a) (Supp.1982).[3] The claim must be presented to the agency within two years of the incident or is forever barred. 28 U.S.C. § 2401 (Supp.1982).

■ A claim is properly presented to an agency when it complies with the requirements of 28 C.F.R. § 14.2. *See Bialowas, supra.* Section 14.2 provides:

> For purposes of the provisions of section 2672 of Title 28, a claim shall be deemed to have been presented when a federal agency receives from a claimant, his duly authorized agent or representative, an executed Standard Form 95 or other written notification of an incident, *accompanied by a claim for money damages in a sum certain* for ... personal injury ... alleged to have occurred by reason of the incident.... (Emphasis added)

In this case plaintiff failed to present a proper administrative claim form since he failed to provide on the claim form a sum certain for the measure of damages. The fact that plaintiff attached two bills from doctors for services rendered in connection with plaintiff's injuries does not alone satisfy the requirement of 28 C.F.R. § 14.2. *See Bialowas, supra.* Moreover, the attached bills were submitted for the purpose of describing the nature and extent of the injury not the amount of the claim.

■ Plaintiff's argument that the complaint filed in this action should be considered as an addendum and supplement to the claim form which he filed with the agency must be rejected. The purpose of requiring a claimant to state a specific sum certain on his claim form is to enable the federal agency involved in the matter to determine whether the claim falls within the jurisdictional limits of the agency's authority to process, settle or properly adjudicate the claim. *Bialowas,* 443 F.2d at 1050. This purpose would not be served if this court were to allow plaintiff to supplement his claim form with the amount stated in his complaint. A claim for "less than $50,000.00," even if such amount is within the agency's jurisdictional limits, is too ambiguous for an agency to determine whether or not settlement is appropriate.[4] To permit plaintiff to supplement a claim form, which does not contain a sum certain, with a claim for an ambiguous maximum amount would undermine the important policy in favor of pre-litigation administrative review and possible settlements expressed in section 2675(a). *See Rosario v. Am. Export-Isbrandtsen Lines, Inc.,* 531 F.2d 1227, 1233 (3d Cir.1976). Therefore, plaintiff has failed to file a proper administrative form and the prayer for relief in plaintiff's complaint does not rectify this failure.

■ Failure to comply with the sum certain requirement of 28 C.F.R. § 14.2 would normally require dismissal without prejudice enabling plaintiff to file a proper administrative claim. However, in the present case, where the two year statute of limitations for the filing of the claim commenced on September 11, 1981, the claim is now barred. *See Robinson v. United States Navy,* 342 F.Supp. 381, 383 (E.D.Pa. 1972); 28 U.S.C. § 2401.

## III. CONCLUSION

Because of plaintiff's failure to file a proper administrative claim form and because the statute of limitation precludes

---

**3.** The requirement of 28 U.S.C. § 2675(a) that a claim first be presented to the appropriate federal agency and denied by the agency is jurisdictional and cannot be waived. *Rosario v. Am. Export-Isbrandtsen Lines, Inc.,* 531 F.2d 1227, 1231 (3d Cir.1976) (citations omitted).

**4.** Plaintiff cites *Williams v. United States,* 693 F.2d 555 (5th Cir.1983), for the proposition that his complaint should be considered together with the administrative claim form in determining that he has fulfilled the requirements of section 2765(a). Plaintiff's reliance on that case is misplaced. In *Williams,* a state court complaint, of which the Government had knowledge, was considered along with an administrative claim form in determining that the plaintiff had satisfied the requirements of section 2675. 693 F.2d at 558. Unlike this case, however, the complaint in *Williams* contained an itemized listing of damages and specified the total amount of damages sought, thereby apprising the Government of the specifics of the claim.

plaintiff from filing a new claim form with the appropriate agency, this court is without jurisdiction over the present suit and plaintiff's action must be dismissed with prejudice. Additionally, defendants' motion for a stay of a scheduled arbitration hearing on this matter has been rendered moot since plaintiff is now barred from recovering for his injuries and therefore that motion will be denied.

An appropriate Order will be entered.