**Robert A. GRAY, Plaintiff,**

**v.**

**The DOW CHEMICAL COMPANY, Metropolitan Life Insurance Company, American Home Assurance Company, the Dow Chemical Company As Plan Administrator of the Dow Chemical Company Medical Care Program, the Dow Chemical Company Long Term Disability Income Protection Plan, and the Dow Chemical Company Voluntary Group Accident Insurance Plan, and the Dow Chemical Company Medical Care Program, the Dow Chemical Company Long Term Disability Income Protection Plan, the Dow Chemical Company Voluntary Group Accident Plan, Defendants.**

**Civ. A. No. 84–2073.**

United States District Court,
W.D. Pennsylvania.

Aug. 9, 1985.

John W. Pollins, III, Greensburg, Pa., for plaintiff.

John H. Scott, Jr., Ira Lefton, Reed Smith Shaw & McClay, John P. Davis, III, Pittsburgh, Pa., for defendants.

OPINION

MENCER, District Judge.

The plaintiff commenced this suit in the Court of Common Pleas of Westmoreland County, Pennsylvania, on August 1, 1984, and upon the defendants' Motion, it was removed to this court. This action concerns claims by the plaintiff, Robert A. Gray, a former employee of the Dowell Division of the Dow Chemical Company ("Dow") for benefits under various employee benefit plans established and maintained by Dow, which he claims are due and owing as a result of injuries he sustained in an automobile accident on May 12, 1979. The plaintiff's claims include claims under the Dow Chemical Company Long Term Disability Income Protection Plan ("LTD Plan"), the Dow Chemical Company Medical Care Program ("Medical Care Program"), and the Dow Chemical Company Voluntary Group Accident Plan ("VGA Plan"). The LTD Plan, Medical Care Program and VGA Plan are employee welfare benefit plans subject to the provisions of the Employee Retirement Insurance Security Act ("ERISA"), 29 U.S.C. § 1002(1).

Dow, the Metropolitan Life Insurance Company, the Dow Chemical Company in its capacity as the Plan Administrator of the Plans and the Plans themselves are requesting partial summary judgment on all of Gray's claims related to the LTD Plan and the Medical Care Program as set forth in Counts I, II, III, VI and VII of his Second Amended Complaint. Dow, the American Home Assurance Company, the Dow Chemical Company VGA Plan and the Dow Chemical Company as Administrator of the Dow Chemical Company VGA Plan filed a motion for summary judgment on all of Gray's claims relating to the VGA Plan. The plaintiff also moved for summary judgment on all issues. All parties have requested attorneys fees and have submitted briefs and affidavits in support of their respective positions.

FACTUAL HISTORY

Gray became an employee of Dow in its Dowell Division commencing on September

6, 1978, and remained in active employment until May 12, 1979, when he was involved in an automobile accident which allegedly resulted in his injury. Gray never returned to work after his accident, but he was carried by Dow on its payroll until late August 1980. On September 14, 1980, Gray was terminated as an employee of the Dowell Division and accepted a career assistance severance check of approximately $1,600.00. Gray unsuccessfully applied to be rehired in late 1981, and submitted with his application a doctor's certification that he was physically fit to perform manual labor, based on an examination of October 19, 1981.

During all times relevant to this suit, Dow maintained the LTD Plan, the Medical Care Program, and the VGA Plan for the benefit of its employees, including Gray. Each plan has a summary plan description which describes the claim procedure to be followed. The affidavit of Larry J. Bollinger, Manager of the U.S.A. Benefits Department of Dow, provides that summary plan descriptions of the LTD Plan, the Medical Care Program and the VGA Plan were distributed to Dowell employees. In addition, the claim review and appeal procedure available to any claimant is described in a document entitled "The Dow Chemical Company Welfare Benefit Plan Claims Procedure," which is made available to participants in the plans. Claims for benefits under each benefit plan are treated and reviewed separately.

Gray never filed a claim for benefits under the LTD Plan or the VGA Plan with respect to any injuries resulting from the automobile accident or with respect to any other disability. Claims for benefits are to be commenced by a plan participant's completion and submission of a claim form, which is available through the local Dow Group Insurance Benefits Department.

DISCUSSION

The claims that the plaintiff is making are to recover benefits under the "employee welfare benefit plans," as that term is defined and governed by the regulatory provisions of ERISA. 29 U.S.C. § 1002(1).

Under ERISA, a civil action may be brought by a participant to recover benefits due him under the terms of the plan. 29 U.S.C. § 1132(a)(1)(B). While ERISA does not explicitly state that administrative remedies must be exhausted before a civil action can be brought to recover benefits, "[i]t is now settled law in this Circuit that the policy favoring exhaustion of nonjudicial remedies applies in full measure to ERISA litigation." *Tomczyscyn v. Teamsters, Local 115 Health & Welfare,* 590 F.Supp. 211, 213 (E.D.Pa.1984), *citing Wolf v. National Shopmen Pension Fund,* 728 F.2d 182 (3d Cir.1984).

Courts have created a few exceptions to this rule, excusing claimants from the exhaustion requirement only if the claimant is threatened with irreparable harm, if resort to administrative remedies would be futile, or if he has been denied meaningful access to the administrative procedures. *Tomczyscyn, supra,* at 213.

■ The plaintiff does not contend he failed to file an administrative claim because he is threatened with irreparable harm, nor because resort to such administrative remedies would be futile. The plaintiff argues, however, that he has been denied meaningful access to the claim procedures, principally stating in his affidavit that he was misled into believing that he was not entitled to disability benefits by a letter he received in March or April of 1983, from C.J. Swyden, Benefits Manager for Dow, which stated that the plaintiff did not qualify for Dow's disability benefits under its LTD Plan since he had not been actively employed by Dow for one full year.

■ However, as stated in the plaintiff's affidavit, he received Mr. Swyden's letter in March or April of 1983. He had ceased working for Dow in May of 1979. This Court is of the view that the plaintiff was not denied meaningful access to the claim procedures by reason of a letter received from a manager of the Company nearly four years after his accident. The claim procedures were available to the plaintiff

since his accident. The exception of wrongful denial only arises when one party has the sole power to invoke the higher levels of the review procedure and has not allowed the other party access to it. Also, the plaintiff must have made attempts to initiate the higher levels of review. *Lucas v. Warner & Swasey Co.*, 475 F.Supp. 1071 (E.D.Pa.1979). Consequently, the plaintiff must first exhaust his administrative remedies prior to bringing suit.

## MEDICAL CARE PROGRAM

■ No administrative claim review, whether sought by a new claim form or by an appeal from any payment or any alleged denial of any further payment, has been filed with respect to Gray's contention that he is entitled to benefits in addition to those he has already received under the Medical Care Program. The defendants acknowledge that some payments were made to the plaintiff under the Medical Care Program. The plaintiff must, however, appeal the Plan Administrator's refusal to award additional benefits to the administrative review level provided by the Medical Care Program prior to instituting suit. The notice that he received which stated that no further payments would be forthcoming did not alert him to the review process. Therefore, the plaintiff is entitled to a remand of his claim to the Plan Administrator for disposition pursuant to the plan claims and review procedure. *Grossmuller v. International Union, United Automobile, Aerospace & Agricultural Implement Workers, Local 813*, 715 F.2d 853 (3d Cir.1983). Accordingly, we will deny the defendants' Motion for Summary Judgment as to the claims relating to the Medical Care Program.

## LTD PLAN

■ The defendants are entitled to summary judgment if the plaintiff has failed to exhaust his administrative remedies and if pursuit of those remedies at this time would be barred. *Farr v. United States*, 580 F.Supp. 1194, 1196 (E.D.Pa.1984) (dismissing plaintiff's claims with prejudice).

■ Even if the plaintiff's claims under the LTD Plan were dismissed without prejudice, he would be barred from pursuing an administrative remedy since coverage under the LTD Plan, by its terms, only commences after one year of active employment. Gray did not have one full year of active employment with Dow. He commenced in September 1978 and continued in active employment only until his accident on May 12, 1979. *See Todd v. Dow Chemical and Metropolitan Life Insurance Company*, 760 F.2d 192 (8th Cir.1985). There is no genuine issue of material fact, and therefore, we will grant summary judgment on behalf of the defendants as to the claims relating to the LTD Plan.

## VGA PLAN

■ Even if the claims relating to the VGA Plan were dismissed without prejudice, the plaintiff would be barred from pursuing his administrative remedies. No claim for benefits was ever filed under the VGA Plan with either Dow or American Home. The defendants contend that any claim filed now by the plaintiff would be untimely since the plaintiff was required to file a written notice of claim within thirty-one days after the occurrence of his loss and to file a written proof of loss within ninety days after the date of such loss, as evidenced by the provisions in the American Home Assurance Company insurance contract attached to Larry Bollinger's affidavit. In his complaint, the plaintiff avers that he has been disabled since May 12, 1980. His claim, therefore, would have had to be filed by August 10, 1980. Since any claim by the plaintiff would now be barred, the defendants are entitled to summary judgment on the claims made relating to the VGA Plan.

■ The same insurance policy provides that an action in equity shall be brought no later than three years after the expiration of the time written proof of loss is required to be furnished. Since this action was not filed until August of 1984, it is untimely. Although such limitation period may be extended where the actions of an

insurer lead the insured to believe that the limitation period will not be enforced, the plaintiff made no allegations that the defendant suggested or stated that a delay in filing suit would be permissible. *Esbrandt v. Provident Life and Accident Insurance Company*, 559 F.Supp. 23, 25 (E.D.Pa. 1983), *aff'd* 722 F.2d 731. Accordingly, summary judgment will be entered as to claims relating to the VGA Plan.

## ATTORNEY'S FEES

■ Costs, expenses and reasonable attorney's fees may be awarded by a court, in its discretion, to either party in any action brought under Subchapter I, Protection of Employee Benefit Rights, of ERISA. 29 U.S.C. § 1132(g)(1). Five policy factors must be considered before a court may award such fees in an ERISA case: (1) the offending parties' bad faith or culpability; (2) the ability of the offending parties to pay the fees; (3) the deterrent effect such an award would have on the offending parties; (4) the benefit conferred on the pension plan members as a whole; and (5) the relative merits of the parties' position. *Kann v. Keystone Resources, Inc.*, 575 F.Supp. 1084, 1096 (W.D.Pa.1983).

■ Our consideration of these factors as they pertain to the facts of this case and our disposition of the issues here directs this Court to the conclusion that the plaintiff's application for attorney fees should be denied.

Although, plaintiff was alerted early in this litigation as to the need to exhaust his administrative remedies prior to attempting to litigate his claims in this court, it seems, on balance, that the exercise of this Court's discretion should result in a refusal also of defendants' application for attorney fees.

An appropriate order will be issued.

## ORDER

AND NOW, this 9th day of August, 1985, for the reasons contained in the accompanying Opinion,

IT IS ORDERED that:

(1) the Motion for Partial Summary Judgment filed by the Defendants, the Dow Chemical Company, the Dow Chemical Company as Plan Administrator of: the Dow Chemical Company Medical Care Program and the Dow Chemical Company Long Term Disability Income Protection Plan; the Dow Chemical Company Medical Care Program, and the Dow Chemical Company Long Term Disability Income Protection Plan and Metropolitan Life Insurance Company, is GRANTED IN PART and DENIED IN PART. The Motion is GRANTED as to any claims relating to the Long Term Disability Income Protection Plan and judgment is entered in favor of the above-named defendants and against the plaintiff, Robert A. Gray. The Motion is DENIED as to all claims relating to the Medical Care Program;

(2) all claims relating to the Medical Care Program are DISMISSED, *sua sponte*, without prejudice, as we have no jurisdiction since the plaintiff failed to exhaust his administrative remedies;

(3) the Motion for Summary Judgment filed by the defendants, American Home Assurance Company, the Dow Chemical Company, the Dow Chemical Company Voluntary Group Accident Plan and the Dow Chemical Company as Plan Administrator of the Dow Chemical Company Voluntary Group Accident Plan is GRANTED as to claims relating to the Voluntary Group Accident Plan, and judgment is entered in favor of the above-named defendants and against the plaintiff, Robert A. Gray;

(4) Plaintiff's Motion for Summary Judgment and for Attorney's Fees is DENIED; and

(5) all fee applications made by the Defendants are DENIED.