**Wanda COPELAND, Plaintiff,**

**v.**

**CARPENTERS DISTRICT COUNCIL OF HOUSTON AND VICINITY PENSION FUND and Linda Copeland, Defendants.**

**Civ. A. No. B–90–292–CA.**

United States District Court,
E.D. Texas,
Beaumont Division.

June 7, 1991.

---

Shimon Kaplan, East Texas Legal Services, Beaumont, Tex., for plaintiff.

Douglas M. Selwyn, Pope Shoemak Selwyn Kerr & Duriso, Houston, Tex., for defendants.

## MEMORANDUM OPINION AND ORDER

COBB, District Judge.

Charles Copeland was a participant in and covered by the Carpenters District Council of Houston and Vicinity Pension Fund (Pension Fund), his membership owing to his membership in the Carpenters Union. Plaintiff Wanda Copeland ceremonially married Charles Copeland in Rye, Liberty County, Texas in 1965. They lived together in Rye as husband and wife until their divorce in October 1981. Sometime in 1981 Charles Copeland then married Amelia Copeland, who subsequently died, terminating the marriage. Then, in September 1984, Wanda Copeland and Charles Copeland began living together again. They filed joint tax returns as husband and wife, jointly executed a deed of trust as husband and wife, and maintained joint credit card and bank accounts as husband and wife. Wanda and Charles Copeland continued to live together until March 1987, at which time they separated. They did not, however, obtain a divorce at this time. In July 1987, Charles Copeland entered into a ceremonial marriage with Linda Copeland. Then, on October 5, 1988, Charles Copeland died. Unfortunately, Charles Copeland failed to designate the beneficiary of his pension benefits after his death. The Pension Fund's plan, however, specifies that the pensioner's lawful spouse shall be deemed the beneficiary in the event of the pensioner's death. The Pension Fund determined, sometime in late February or early March 1989, that Linda Copeland was Charles Copeland's lawful spouse and thus began paying her widow's benefits under Charles Copeland's rights in the plan. It is the determination of who is Charles Copeland's lawful spouse that lies at the crux of this controversy.

The current posture of the case is that each party has moved for summary judgment under Fed.R.Civ.P. 56. The court has previously granted the Pension Fund's motion that Linda Copeland be allowed to join in their motion for summary judgment, in order to avoid a default being taken against her. Thus, in effect, counsel for the Pension Fund also represent the adverse claimant, Linda Copeland. This court has also granted Wanda Copeland's motion to disqualify one of the Pension Fund's attorneys, Richard J. Davis, Jr., from acting further as counsel in these proceedings due to the likelihood of his having to appear as a material fact witness.

Richard J. Davis, Jr., acting as counsel for the Pension Fund, notified both Linda and Wanda Copeland by letter of March 4, 1989 that the Pension Fund Trustees had determined that Linda was Charles' lawful spouse and therefore entitled to widow's benefits. In the same letter, Davis advised the adverse claimants of their right to appeal the Trustees' decision, as follows: "If there is to be a challenge of the marital status of either of you, it can be mounted prior to the effective date of benefits." Counsel for Wanda Copeland, on February

6, 1990, notified the Pension Fund in writing of her wish to appeal the Trustees' decision. However, on February 14, 1990, counsel for the Pension Fund wrote Wanda Copeland that the Trustees had met and determined that they would not entertain her appeal.

■■■■ With regard to notice, the E.R.I.S.A. statute provides that:

In accordance with regulations of the Secretary, every employee benefit plan shall—

\* \* \* \* \* \*

(2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named beneficiary of the decision denying the claim.

29 U.S.C. § 1133. The regulations promulgated by the Secretary provide:

A plan administrator ... shall provide to every claimant who is denied a claim for benefits written notice setting forth in a manner calculated to be understood by the claimant:

\* \* \* . \* \* \*

(4) Appropriate information as to the steps to be taken if the participant or beneficiary wishes to submit his or her claim for review.

29 C.F.R. § 2560.503–1(f). Courts have found violations of the quoted provisions where the notice afforded claimants provided less than the "full and fair review" compelled by law. *See, e.g. Grossmuller v. International Union, United Auto, etc. Local 813*, 715 F.2d 853 (3rd Cir.1983) (letter sent claimant failed to provide any information regarding manner of challenging decision); *De Pina v. General Dynamics Corp.*, 674 F.Supp. 46 (D.Mass.1987) (letter sent claimant mentioned steps to be taken for review, but failed to provide address or phone number of person to contact to pursue appeal); *Gray v. Dow Chemical Co.*, 615 F.Supp. 1040 (W.D.Pa.1985) (letter sent claimant failed to inform of review process; case remanded to pension fund for determination); *Tomczyscyn v. Teamsters, Local 115 Health and Welfare Fund*, 590 F.Supp. 211 (E.D.Pa.1984) (letter sent claimant failed to advise of right to appeal; case remanded to pension fund for determination).

After a thorough review of the quoted statutory provisions and the cases construing same, the court finds that Wanda Copeland was afforded, by the Pension Fund's letter of March 4, 1989, neither adequate notice of her right to appeal nor adequate notice of the procedure she would have to follow to pursue her appeal. Therefore, it is the determination of this court that this action should be remanded to the Pension Fund for further proceedings. In reviewing Wanda Copeland's claim for widow's benefits, the Pension Fund should be guided by the following.

First, the court understands that the Pension Fund's plan provides that the Trustees shall have sixty (60) days within which to act on a claim for benefits.

Second, the Pension Fund is instructed to review Wanda Copeland's claim in light of all information that has come to light as of this date. Specifically, the Pension Fund is to consider the effect of the affidavit of Richard B. Hays, State Registrar, Department of Health, State of Texas, regarding the lack of any record of a divorce or annulment of marriage for the years 1984 through 1989. This document can be found as page 154 in Plaintiff's Documentary Appendix to her brief in support of her cross motion for summary judgment. The Pension Fund may find this document extremely helpful in disposing of Wanda Copeland's claim in light of recent rulings of the state courts of Texas, including the Texas Supreme Court's decision in *Davis v. Davis*, 521 S.W.2d 603 (Tex.1975). Therein, the Court held official records showing no divorce between the deceased husband and his first wife sufficient to rebut the presumption of the validity of the husband's second ceremonial marriage to another woman.

Finally, in remanding this case to the Trustees, the court notes that Richard J. Davis, Jr., general counsel to the Pension Fund, has, along with local counsel, Douglas M. Selwyn, effectively entered into an attorney-client relationship with the ad-

verse claimant and present widow's benefits beneficiary, Linda Copeland. These gentlemen stand in a precarious position with regard to their professional obligation to avoid conflicts of interest. *See* Rule 1.06, Texas Disciplinary Rules of Professional Conduct. The Pension Fund may be well advised to retain independent counsel with regard to the review of Wanda Copeland's claim.

Accordingly, this cause is hereby REMANDED to the Carpenters District Council of Houston and Vicinity Pension Fund for further proceedings consistent with the admonitions set forth above.

This court RETAINS CONTINUING JURISDICTION over this cause until such time as the court determines that all matters arising out of this action have been finally disposed of.