**Diane LE GRAND, Plaintiff,**

v.

**John LINCOLN, United States Navy, United States of America, j/s/a, Defendants.**

**Civ. No. 92–CV–5147.**

United States District Court, E.D. Pennsylvania.

April 12, 1993.

---

Sal B. Daidone, Sal B. Daidone, P.C., Voorhees, NJ, for plaintiff.

Richard Metzinger, Jr., James G. Sheehan, U.S. Attorney's Office, Philadelphia, PA, for defendants.

## MEMORANDUM

JOYNER, District Judge.

Plaintiff, Diane Le Grand, commenced this action under the Federal Torts Claim Act ("FTCA" or the "Act"), 28 U.S.C. § 2671 *et seq.*, against John Lincoln, the United States Navy and the United States of America[1]. Presently before the Court is the defendants' Motion to Dismiss Plaintiff's Claims. For the following reasons the motion is granted.

---

1. Plaintiff originally included Walter McRae, Jr. as a defendant. However, by consent, Mr. McRae was subsequently dismissed from this action.

## PROCEDURAL HISTORY

On February 18, 1992, the plaintiff commenced an action under the FTCA against the above named defendants and Walter McCrea for injuries she allegedly sustained as the result of an automobile accident at the United States Naval Base in Philadelphia, Pennsylvania on May 16, 1990. On March 2, 1992, plaintiff filed an administrative claim form with the Department of the Navy. Plaintiff's original court action was dismissed on October 22, 1992 against all defendants due to a defect in the service of process. Plaintiff filed the present action on September 4, 1992.

## DISCUSSION

The defendants propound three arguments in support of their motion to dismiss. First, they submit that they are not proper parties under the Federal Torts Claim Act. Second, they argue that the plaintiff did not file a valid administrative claim form with the proper agency as is required by the Federal Torts Claims Act. Finally, the defendants contend that the applicable statute of limitations has expired. The Court agrees with the defendants' latter two arguments, and dismisses the plaintiff's claim based on these grounds. Consequently, we need not address the issue of who is a proper party under the Federal Torts Claims Act.

■ A court may grant a motion to dismiss in accordance with Fed.R.Civ.P. 12(b)(6) if it appears beyond a doubt that the plaintiff can prove no facts to support the relief requested. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Pennsylvania ex rel. Zimmerman v. Pepsico, Inc.*, 836 F.2d 173, 179 (3d Cir.1988). In deciding a motion to dismiss, the court must accept as true all well plead factual allegations of the non-moving party, and must view all inferences in the light most favorable to that party. *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249–50, 109 S.Ct. 2893, 2905–06, 106 L.Ed.2d 195 (1989); *Rocks v. Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989).

### A. Validity of Administrative Claim Form

■ "As a sovereign, the United States is immune from suit save as it consents to be sued. The terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Jordan v. United States of America*, 333 F.Supp. 987, 988 n. 1 (E.D.Pa.1971) *aff'd* 474 F.2d 1340 (3d Cir. 1973) *quoting United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941). The United States, through Congress, has consented to waive this right of sovereign immunity via its enactment of 28 U.S.C. § 2671 *et seq.*, the Federal Torts Claims Act. Thus, in this case, our jurisdiction is restricted to the terms enunciated by Congress in the FTCA. *See Sherwood*, 312 U.S. at 586, 61 S.Ct. at 769 (jurisdiction limited to terms of Age Discrimination in Employment Act); *Lehman v. Nakshian*, 453 U.S. 156, 160, 101 S.Ct. 2698, 2701, 69 L.Ed.2d 548 (1981) (jurisdiction limited to terms of Tucker Act).

■ Section 2675(a) requires that prior to filing a claim against the United States, the claimant must have "first presented the claim to the appropriate Federal agency."[2] The Third Circuit has consistently held this requirement to be jurisdictional and therefore, cannot be waived. As the Federal Torts Claims Act is an express waiver of sovereign immunity, strict compliance with its provisions is required. *Livera v. First National Bank*, 879 F.2d 1186, 1194 (3d Cir.) *cert. denied* 493 U.S. 937, 110 S.Ct. 332, 107 L.Ed.2d 322 (1989); *see also Lehman*, 453 U.S. at 161, 101 S.Ct. at 2702 (limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied). Consequently, the plaintiff must have presented a valid administrative claim form in

---

**2.** The relevant portion of 28 U.S.C. § 2675(a) provides:

An action shall not be instituted upon a claim against the United States for money damages for injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

order to maintain an action under the Act. The question presented before the Court is whether the plaintiff's claim form, which was submitted to the appropriate agency but failed to request any specific monetary amount for her injuries, was sufficient to satisfy the requirement of § 2675(a).

Congress delineated the requirements of the presentation of a valid administrative claim form in the Code of Federal Regulations § 14.2 which provides:

> ... a claim form shall be deemed to have been presented when a federal agency receives from a claimant, his duly authorized agent or representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages *in a sum certain* for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident.

28 C.F.R. § 14.2 (emphasis added).

■ This Court has consistently held that a claimant who fails to include a claim for money damages in a sum certain on the administrative claim form has not satisfied the FTCA requirement that a claim first be filed with the appropriate administrative agency. *Bialowas v. United States,* 443 F.2d 1047 (3d Cir.1971); *Farr v. United States,* 580 F.Supp. 1194 (E.D.Pa.1984); *Robinson v. United States,* 563 F.Supp. 312, 314 (W.D.Pa. 1983).

The purpose of the sum certain provision is to enable administrative agencies to avoid unnecessary litigation by providing them with the opportunity to effectively evaluate a claim and to determine the potentiality of settling the claim. *Farr,* 580 F.Supp. at 1196; *Robinson v. United States,* 563 F.Supp. at 314; *Gallimore v. United States,* 530 F.Supp. 136, 138 (E.D.Pa.1982). This purpose is frustrated if the administrative claim form does not indicate a claim for a specific amount of money. *Farr,* 580 F.Supp. at 1196; *Robinson v. United States,* 563 F.Supp. at 314.

■ Plaintiff argues that her omission should be excused due to the continuing nature of her injuries. She contends that any indication of a sum certain would have been inaccurate and if she had included a sum certain, by doing so she may have risked being barred from receiving full compensation for her damages. However, § 2675(b) specifically addresses this concern:

> Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

28 U.S.C. § 2675(b); *Jordan,* 333 F.Supp. at 989. Plaintiff's argument, if sustained, would render the exception to § 2675(b)'s sum certain requirement superfluous. Furthermore, this would significantly hinder the ability of the federal agency to determine whether these claims "fall within the jurisdictional limits of the agency's authority to process, settle or properly adjudicate the claim." *Farr,* 580 F.Supp. at 1196. Thus, the existence of a continuing injury does not obviate the requirement of a sum certain in the claimant's form. *McDonald v. United States,* 555 F.Supp. 935, 957–58 (M.D.Pa. 1983); *Gallimore,* 530 F.Supp. at 138; *Jordan,* 333 F.Supp. at 989; 28 U.S.C. § 2675(b).

■■ Finally, plaintiff argues that the agency's failure to inform her that the indication of a sum certain was mandatory estops them from asserting that this omission invalidates the administrative claim form. The plaintiff offers no legal authority which would impose a duty upon the agency to advise claimants presenting forms of their rights. To the contrary, a plaintiff's negligence in submitting the claim form is inexcusable. *Robinson v. United States Navy,* 342 F.Supp. 381, 383 (E.D.Pa.1972) (negligence of plaintiff when filing administrative claim is sole responsibility of plaintiff). Moreover, a plaintiff's plea of ignorance in attempting to excuse his failure to submit a proper claim is without merit if the plaintiff was represented by counsel at the time of the filing of the administrative claim. *Robinson v. United States,* 563 F.Supp. at 314. In this case, it appears that plaintiff was represented by

counsel at the time of the filing because she submitted her claim form to the Navy during the interval between the filing of her original court action and the instant action, both of which were done with the representation of counsel.

The law is clear that a claim is not considered to have been presented to a federal agency pursuant to § 2675(a) unless it contained a claim for money damages in a sum certain. *Bialowas,* 443 F.2d at 1049; *Farr,* 580 F.Supp. at 1196; *Robinson v. United States,* 563 F.Supp. at 314; *Robinson v. United States Navy,* 342 F.Supp. at 383. "The provisions of § 2675 are jurisdictional and are to be interpreted strictly, although this occasionally leads to harsh results." *Insurance Company of North America v. United States,* 561 F.Supp. 106, 117 (E.D.Pa. 1983). Unfortunately, plaintiff's failure to indicate any sum certain on the claim form results in a failure to comply with the requirements of § 2675(a). Accordingly, she did not properly present her claim to the Navy.

### B. Statute of Limitations

█ In order to satisfy the statute of limitations provision of the FTCA, a claimant must meet dual requirements. A claimant must file an administrative claim with the agency in question within two years of the incident and in the event that the claimant chooses to file suit against the federal agency, the suit must be filed within six months of the denial of the claim by the federal agency.[3] In the case before the court, the plaintiff has failed to satisfy the first requirement. The plaintiff's alleged injuries occurred on May 16, 1990. She has yet to properly present her claim to the appropriate federal agency as required by § 2675(a), and the statute of limitations for filing her claim with the Navy expired on May 16, 1992. Accordingly, plaintiff's claim must be dismissed.

An appropriate order follows.

---

3. 28 U.C.C. § 2401(b) provides:
   A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within the two years after such claim accrues or unless

### ORDER

AND NOW, this 12th day of April, 1993, upon consideration of the Defendants' Motion to Dismiss and Plaintiff's response thereto, it is hereby ORDERED that the Motion is GRANTED.

the action is begun within six months after the date of mailing by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.